### WADE v STATE HIGHWAY COMMISSION

Docket No. 78-446. Submitted June 5, 1979, at Lansing.—Decided
September 5, 1979. Leave to appeal applied for.

Sandra K. Wade, administratrix of the estate of David E. Haw-
kins, brought an action against the Michigan State Highway
Commission alleging negligent design of the bridge on Inter-
state 75 crossing the Rouge River in the City of Detroit. The
proofs established that decedent was killed when he was struck
by a semi-trailer truck in the right-hand travel lane, after he
had stepped from his place of safety in front of his disabled
automobile in the right-hand refuge lane. The Court of Claims,
Horace W. Gilmore, J., held that defendant had been negligent
in the design of the highway but entered a judgment of no
cause of action on the basis of the determination that plaintiff's
decedent had been contributorily negligent. Plaintiff filed a
motion for new trial requesting, for the first time, that the
court apply the doctrine of comparative negligence. The motion
for a new trial was denied. Plaintiff appeals. *Held:*

1. The statutory obligation to maintain highways in a reason-
ably safe condition is not a legislatively-imposed safety regula-
tion of the type which, if breached, will render the doctrine of
contributory negligence inapplicable. A motorist who misuses a
highway is answerable for his own negligence, which may bar
recovery.

2. The record supports the trial court's finding that dece-
dent's injuries were caused by his own negligence.

3. The Supreme Court, in replacing the doctrine of contribu-
tory negligence with the doctrine of comparative negligence,
has specifically held that comparative negligence will be ap-
plied retrospectively in cases pending on appeal on the date of
the Supreme Court's decision only if a request for application of
the doctrine of comparative negligence was made to the trial
court prior to submission to the trier of fact.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Highways, Streets, and Bridges § 555 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 566 *et seq.*

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — HIGHWAYS — MAIN-
   TENANCE AND REPAIR — STATUTES.

> The statutory obligation of the state to maintain highways in a
> reasonalby safe condition is not a legislatively-imposed safety
> regulation of the type which, if breached, will render the
> doctrine of contributory negligence inapplicable; rather, a mo-
> torist who misuses a highway is answerable for his own negli-
> gence, which may bar recovery (MCL 691.1402; MSA
> 3.996[102]).

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — COMPARATIVE NEGLI-
   GENCE — REQUEST — RETROACTIVE APPLICATION — PRESERVA-
   TION.

> The Supreme Court, in replacing the doctrine of contributory
> negligence with the doctrine of comparative negligence, has
> specifically held that comparative negligence will be applied
> retroactively in cases pending on appeal on the date of the
> Supreme Court's decision only if a request for application of the
> doctrine of comparative negligence was made to the trial court
> prior to submission to the trier of fact; therefore, a request for
> application of the doctrine of comparative negligence made for
> the first time in a motion for a new trial does not operate to
> preserve the issue for appeal.

*Hurwitz & Karp* (by *Richard Wygonik*), for
plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Carl K. Carlsen*
and *Myron A. McMillan,* Assistants Attorney Gen-
eral, for defendants.

Before: DANHOF, C.J., and V. J. BRENNAN and
H. R. CARROLL,* JJ.

V. J. BRENNAN, J. Plaintiff, Sandra K. Wade,
administratrix of the estate of David E. Hawkins,
appeals by right a judgment of no cause of action
rendered by the Court of Claims in a negligence
suit brought against the State Highway Depart-
ment. After trial, the Court of Claims found that

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the highway at the scene of decedent's death had been improperly designed. However, plaintiff was denied recovery when the court also found that the decedent had acted in a contributorily negligent manner.

Plaintiff's decedent died as a result of injuries sustained when he was struck by a semi-trailer truck on the River Rouge bridge on I-75 in the City of Detroit on November 14, 1974. The decedent had been driving on one of the four northbound lanes of I-75 when his automobile developed trouble. Thereupon, the decedent drove his automobile onto the refuge lane on the extreme right-hand side of the freeway on the bridge.

The decedent did not use the entire width of the refuge lane, nine feet six inches, when driving his automobile onto it. His automobile, which was approximately six feet four inches wide, came to rest with its left wheel approximately 6 to 8 inches into the travel lane of the highway.

After stopping the automobile, the decedent got out of it, opened its hood and examined the engine. As to decedent's actions immediately before being struck, the lower court found:

"* * * I will so find that Mr. Hawkins, after putting the hood down, moved directly into the traffic lane and was in the traffic lane to the extent of at least four feet into the travel lane, if not more, when he was struck, and that he, at that time when both Mr. Kadar and Mr. Hall, the truck driver, passed him, he was in a position of safety in front of the car putting down the hood of the car; that he thereafter left the front of the car, moved at least four feet into the travel lane at which time he was struck either by the front portion or by the side of the truck. But the important fact, the significant fact, was that he was in a position of safety, and almost immediately thereafter moved into the travel lane and

was struck by the truck, causing the injuries eventually resulting in his death."

The primary issues at trial were whether the highway refuge lane was negligently designed to be too narrow and whether the plaintiff's decedent was contributorily negligent. The lower court answered both of these questions in the affirmative finding that the highway refuge lane should have been at least 12 feet wide[1] and that plaintiff's decedent was guilty of contributory negligence:

"I think therefore that there is no question in this case but what the plaintiff decedent was guilty of contributory negligence in going into that road immediately after putting down the hood, and I think there is no question but what that contributory negligence of the plaintiff in going four feet into the road immediately after putting down the hood is a proximate cause of the injury here. So even though I find that the State of Michigan did not maintain this highway in a reasonable manner and fit for travel because of the lack of adequate refuge, not constructed in a manner reasonably safe and fit for travel because of the inadequate refuge lanes, I think the plaintiff is clearly guilty of contributory negligence and that that contributory negligence was clearly a proximate cause of the injury and subsequent death, and therefore, for that reason, I will have to order a judgment of no cause for action in the matter."

The sole issue on appeal is the applicability of the doctrine of contributory negligence to the instant action.

First, plaintiff invites us to extend the holding in *Funk v General Motors Corp,* 392 Mich 91; 220

---

[1] Our review of the record indicates the contrary. A nine foot six inch refuge lane does not amount to negligent design and construc tion by the Highway Department.

NW2d 641 (1974), to the facts in the present case. We decline to do so.

In *Funk, supra,* the Court held that the defense of contributory negligence is inapplicable where a defendant employer breaches its duty to provide safety equipment resulting in injury to a plaintiff employee. The rationale behind this decision is evident from the following quote:

" 'Workmen such as the present plaintiff, who ply their livelihoods on ladders and scaffolds, are scarecely in a position to protect themselves from accident. They usually have no choice but to work with the equipment at hand, though danger looms large. The legislature recognized this and, to guard against the known hazards of the occupation, required the employer to safeguard the workers from injury caused by faulty or inadequate equipment. If the employer could avoid this duty by pointing to the concurrent negligence of the injured worker in using the equipment, the beneficial purpose of the statute might well be frustrated and nullified.' *Koenig v Patrick Construction Corp,* 298 NY 313, 318-319; 83 NE2d 133, 135 (1948)." *Id.,* at 113-114.

The plaintiff contends that the breach of the statutory duty to maintain highways in a reasonably safe condition, MCL 691.1402; MSA 3.996(102), is in the same category as above thus rendering the doctrine of contributory negligence inapplicable. We disagree.

Initially we point out that a motorist who misuses a highway is answerable for his own negligence which could operate to bar recovery. *Detroit Bank & Trust Co v Dep't of State Highways,* 55 Mich App 131; 222 NW2d 59 (1974). Moreover, the critical factor in *Funk, supra,* was the employee's lack of choice in undertaking hazardous on-the-job activity. Here that factor is absent. The decedent could have used an emergency phone which was

located some 500 feet away or could have waited for traffic to clear before moving from his position of safety. The record supports the lower court's finding that the decedent's injuries were caused by his own negligence.

We next must ascertain whether the doctrine of comparative negligence adopted by the Supreme Court in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), applies retroactively to the case at bar.

The limited retroactive effect of *Placek* is set forth as follows:

"Therefore, we hold the rule announced today applicable to the instant case and all appropriate cases in which trial commences after the date of this opinion including those in which a retrial is to occur because of remand on any other issue. *Further, we find comparative negligence applicable to any case presently pending on appeal in which application of the doctrine was requested at the trial court and the issue preserved for appeal.* Finally, comparative negligence shall be the applicable rule in any case commenced but not submitted to the trier of fact prior to the date of this decision, *but in no case shall it apply unless there is an appropriate request by counsel prior to submission to the trier of fact." Id.,* at 667-668. (Emphasis added.)

An examination of the lower court record and transcript in the case at bar indicates that plaintiff did not request the lower court to apply the doctrine of comparative negligence at trial. The applicability of the doctrine was raised in plaintiff's motion for new trial, however, this does not operate to preserve the issue for appeal where it was not first raised prior to submission to the trier of fact. Accordingly, *Placek* does not apply retroactively to the present case.

Affirmed.