WEST v LIVINGSTON COUNTY ROAD COMMISSION

Docket No. 60810. Submitted June 6, 1983, at Lansing.—Decided
October 12, 1983. Leave to appeal denied, 419 Mich —.

Linda West, for herself and as administratrix of the estate of
Johnny V. West, deceased, and Roy West, for himself and as
next friend of Thomas West, Joseph West and Cynthia West,
minors, brought an action for damages against the Livingston
County Road Commission and others. The action arose from an
automobile accident in which Johnny West was killed and the
other members of the West family injured. A jury trial resulted
in a verdict of no cause of action as to the road commission.
Judgment was entered on the verdict, Washtenaw Circuit
Court, Patrick J. Conlin, J., and plaintiffs appealed, alleging
several errors. *Held:*

1. The statutory duty of a governmental agency to keep the
highways under its jurisdiction reasonably safe and convenient
for public travel is not separate and distinct from negligence.
The reasonableness requirement is a negligence concept, and
the trial court did not err by using the word *negligence in its*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 103 *et seq.*, 337
*et seq.*, 390.
57 Am Jur 2d, Municipal, School, and State Tort Liability § 133.
[2] 40 Am Jur 2d, Highways, Streets, and Bridges § 555.
[3] 75 Am Jur 2d, Trial §§ 74, 75.
Propriety of permitting view by jury in civil personal injury or
death action as affected by claimed change of conditions since
accident or incident. 85 ALR2d 512.
[4] 31 Am Jur 2d, Expert and Opinion Evidence §§ 55-57.
Modern status of the rules regarding use of hypothetical questions
in eliciting opinion of expert witness. 56 ALR3d 300.
Propriety of hypothetical question to expert witness on cross-exami-
nation. 71 ALR2d 6.

instructions to the jury in regard to the road commission's duties.

2. The court did not err by instructing the jury on the comparative negligence of the plaintiffs.

3. The record reveals no evidence of bias on the part of the trial judge against the plaintiffs or their attorney.

4. The trial court did not err in refusing to permit the jury to view the scene of the accident.

5. Plaintiffs were not required to examine their expert witnesses by the use of hypothetical questions. Where a party does use hypothetical questions, the answer must be based on facts contained in the questions and the questions must be premised on facts already in evidence.

6. Plaintiffs' other allegations of error are without merit.

Affirmed.

1. HIGHWAYS — NEGLIGENCE — STATUTES — GOVERNMENTAL AGENCIES.

The statutory requirement that governmental agencies keep the highways and streets under their jurisdiction in reasonable repair and reasonably safe and convenient for public travel presents issues of negligence where an action based upon a breach of the statute is brought against an agency (MCL 691.1402; MSA 3.996[102]).

2. HIGHWAYS — NEGLIGENCE — COMPARATIVE NEGLIGENCE — STATUTES.

A plaintiff's comparative negligence may be applied in an action against a governmental agency based upon the statutory requirement that highways and streets be kept reasonably safe for public travel (MCL 691.1402; MSA 3.996[102]).

3. TRIAL — SCENE OF ACCIDENT — JURY VIEW.

A trial court did not abuse its discretion in refusing to permit a jury to view the scene of an accident where conditions at the scene had changed considerably between the time of the accident and the time of trial and where numerous exhibits depicted the condition of the scene.

4. WITNESSES — EXPERT WITNESSES — HYPOTHETICAL QUESTIONS.

An expert witness may base his opinion on facts or data not in evidence; however, where a party examines an expert by the use of hypothetical questions the answers must be based on facts contained in the questions and the hypothetical questions must be premised on facts already in evidence.

*Schrauger & Dunn, P.C.* (by *Michael J. Cantor*), for plaintiffs.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Michael J. Updike*), for defendant.

Before: Danhof, C.J., and Allen and K. N. Hansen,* JJ.

Per Curiam. Plaintiffs appeal as of right from a jury verdict of no cause of action in their claim against defendant pursuant to MCL 691.1402; MSA 3.996(102).

Plaintiffs initially claim that the trial court erred by continually referring to their claim as one grounded in negligence. They claim that the statutory duty created by MCL 691.1402; MSA 3.996(102) is separate and distinct from negligence. We disagree.

In *Palomba v East Detroit*, 112 Mich App 209, 214-215; 315 NW2d 898 (1982), we held:

"There are two exceptions to the governmental immunity statute involved in our consideration here. First, the Legislature has expressly authorized claims against a governmental agency arising out of the negligent maintenance of highways. MCL 691.1402; MSA 3.996(102). The period of limitations for such claims is two years. MCL 691.1411; MSA 3.996(111). Second, the courts have ruled that the government has no immunity from liability for injuries resulting from a nuisance intentionally created or maintained. See *Rosario v Lansing*, 403 Mich 124; 268 NW2d 230 (1978). The period of limitations for claims based upon intentional nuisance is three years. MCL 600.5805(8); MSA 27A.5805(8). These two exceptions to governmental immunity are distinct and independent. One involves

* Circuit judge, sitting on the Court of Appeals by assignment.

liability for negligent conduct; the other for intentional conduct."

Similarly, in *Stremler v Dep't of State Highways,* 58 Mich App 620, 627-628; 228 NW2d 492 (1975), it was stated:

"Conditions in streets and public places which render the use thereof dangerous or inconvenient present issues referable to the law of negligence. 18 McQuillin, Municipal Corporations (3d ed rev), § 53.47, p 248."

The statute imposes an obligation on governmental agencies to keep highways and streets under their jurisdiction in "reasonable repair" so that they are "reasonably safe and convenient for public travel". *Salvati v Dep't of State Highways,* 415 Mich 708; 330 NW2d 64 (1982). The requirement of reasonableness is a negligence concept.

Plaintiffs' reliance on *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), is misplaced. The Court did not hold in that case that the defective building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), is not grounded in negligence. On the contrary, it merely held that one of plaintiffs' negligence theories did not state a claim pursuant to the defective building exception. *Bush, supra,* p 727, fn 7.

In any event, even assuming that the trial court's reference to the word negligence and its instructions in which that term was used were improper, we do not believe that plaintiff was prejudiced thereby. The trial court's instructions, when read as a whole, accurately instructed the jury concerning the duties imposed upon defendant by the statute.

Plaintiffs also complain that the trial court erred by instructing the jury concerning the com-

parative negligence of plaintiffs. For the reasons stated in *Hall v Dep't of State Highways,* 109 Mich App 592; 311 NW2d 813 (1981), and *Wade v State Highway Comm,* 92 Mich App 234; 284 NW2d 522 (1979), this claim is rejected. See also *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982).

Our review of the record fails to disclose any evidence of bias on the part of the trial court against plaintiffs and their attorney. To be sure, over the course of the lengthy trial there were instances in which the trial court expressed its displeasure with particular events which transpired. However, there is nothing about the court's treatment of plaintiffs and their attorney which differed significanty from its treatment of defendant and its attorney. Plaintiffs were not denied a fair and impartial trial. *Jackson v Depco Equipment Co,* 115 Mich App 570, 582; 321 NW2d 736 (1982).

Plaintiffs next claim that the trial court abused its discretion by refusing to permit the jury to view the scene of the accident. We find this claim to be without merit. Although the court initially failed to give a reason for its ruling, it later indicated that, because the accident occurred during the winter, while trial took place in the summer, and because conditions had changed considerably in the interim, a view of the scene was improper. Further, the record shows that numerous exhibits were introduced depicting the condition of the road. No abuse of discretion is shown. *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 24; 241 NW2d 738 (1976).

Plaintiffs next complain that the trial court improperly precluded them from posing hypothetical questions to one of their expert witnesses. We

initially reject plaintiffs' contention that they were required to conduct examination of their expert witnesses by the use of hypothetical questions. MRE 703 permits an expert to base his opinion on facts or data not in evidence. See also MRE 705. However, where a party does proceed to examine an expert witness by the use of hypothetical questions, the answer must be based on facts contained therein and the hypothetical questions must be premised on facts already in evidence. *Grewe v Mt. Clemens General Hospital,* 404 Mich 240, 257-258; 273 NW2d 429 (1978). The trial court's ruling was not improper.

Plaintiffs next complain that the trial court erred by admitting the deposition testimony of a witness who testified concerning the lack of prior accidents at the scene where this accident occurred. This issue is completely without merit. Although the trial court initially ruled the evidence admissible, it subsequently reversed its ruling and held that the evidence could not be admitted. The transcript of the deposition shows that the testimony was blocked out and, therefore, not placed before the jury.

We find nothing improper in the trial court's decision to permit defendant to introduce a copy of plaintiffs' complaint with all references to other defendants removed.

Finally, we also find meritless plaintiffs' claim that the trial court's refusal to give SJI 6.01 constituted reversible error. There is no evidence that the witnesses were not equally available to plaintiffs. *Dayhuff v General Motors Corp,* 103 Mich App 177, 187-188; 303 NW2d 179 (1981).

The judgment of the trial court is affirmed. Costs to defendant.