SCOTT BROTHERS LOGGING AND LUM-
BER COMPANY et al., Appellants,

v.

Toncil COBB, Appellee.

Court of Appeals of Kentucky.

Feb. 5, 1971.

Andrew J. Russell, Boehl, Stopher
Graves & Deindoerfer, Paducah, for ap-
pellants.

Nichols & Nichols, Madisonville, for
appellee.

REED, Judge.

The issue presented in this appeal is
whether the appellant-employer, Scott
Brothers Logging and Lumber Company,
effectively sought judicial review of an
award of the Workmen's Compensation
Board in favor of the appellee-employee,
Toncil Cobb, for permanent and total dis-
ability. The circuit court held that the
provisions of KRS 342.285, which pre-
scribes a statutory method of appeal for
judicial review of decisions of the Work-
men's Compensation Board, were insuf-
ficiently complied with by the employer.
The appeal was dismissed. The employer
contends that its failure to secure service
of summons on the Board was excusable.
We affirm the judgment of the circuit
court.

The Workmen's Compensation Board
awarded appellee, Cobb, compensation ben-
efits for total and permanent disability in
October 1968. Appellant filed a petition
for review of the award in the circuit
court in November 1968. Separate sum-
mons was issued by the circuit court for
the employee, Cobb, a resident of Hopkins
County, and for the Workmen's Compen-
sation Board which had to be served in
Franklin County. The circuit court clerk
delivered Cobb's summons to the sheriff of
Hopkins County and it was promptly
served. Cobb filed response to the em-
ployer's petition. The summons for the
Board directed to the Sheriff of Franklin
County was not served upon the Board.

The Board, of course, has neither responded nor filed a record of its proceedings as provided in the statutory method of appeal and review with which we are concerned.

The circuit court ordered the pending review proceedings submitted on written briefs; the employer filed its brief. Cobb thereafter moved to dismiss the action because the Board was not before the court. A hearing on this motion was held in March 1969, and the employer's counsel states he learned then for the first time that no summons had been served upon the Board. The circuit court dismissed the appeal.

The circuit court clerk stated in an affidavit which was considered by the trial court in disposing of the motion to dismiss the appeal that when the petition for review was filed in his office the only fees paid were $20 as an advance payment on the clerk's cost, $5 for the state tax on each suit filed and $1 for a county library tax. No fees for execution of process were advanced or paid at the time of the filing of the petition for review. The clerk further said that although he issued a summons for Cobb and a summons directed to Franklin County for the Board, he mailed the separate summons for the Board to the attorney for the employer; this latter statement is qualified by the phrase "as I now remember it." The attorney for the employer states by affidavit that the summons was never received by him.

KRS 64.080 provides that no officer shall be required to serve process unless the party seeking service has deposited the officer's fees with the clerk, not exceeding $5, and it also provides that if process is sent to the officer from another county, he shall not be required to execute it unless it is accompanied by the fee or a certificate from the clerk that there is sufficient sum on deposit to pay the fee.

The appellant-employer's attorney argues that the summons directed to the Board was lost and that he at all times had a present intention to effect service of the summons in due course. He states that if the clerk had forwarded the summons to the sheriff of Franklin County and the sheriff there had requested a fee in advance for service, payment would have been immediately made. He points out that he was completely unaware of the failure to effect service upon the Board until the hearing on appellee's motion to dismiss and that since the court sustained the motion and dismissed the appeal, he was denied the opportunity of causing proper service to be effectively made upon the Board. The employer's counsel also argues that the Board is a nominal party to the review proceedings and that no real prejudice exists under the circumstances presented.

Appellant relies upon cases deciding the issue of good faith as that element must be present in the issuance of summons to commence a civil action within the period of limitation. The substance of the argument is that negligence in the execution of a summons after it is issued will bar the right of action, but such bar is effective only if there was a lack of "good faith"—lack of intention to have the summons presently executed when issued. Appellant asserts that there was no showing of bad faith on its part and that under Commonwealth, Department of Highways v. Parker, Ky., 394 S.W.2d 899, the trial court erroneously dismissed the appeal.

In Parker, however, the summons issued for the Board had been promptly served within a reasonable time after its issuance, but it had been served upon the Attorney General as provided by CR 4.04(6) rather than upon the Executive Secretary of the Board as required by KRS 342.285(1). Parker presented a situation where the party had substantially complied with the statutory method of effecting appeal for judicial review of the Board's administrative order; the understandable mistake in the method of service did not destroy the

clear showing of substantial compliance. That is not the situation with which we are dealing in this case.

In Blue Grass Mining Company v. North, 265 Ky. 250, 96 S.W.2d 757, we reversed the determination of the trial court and directed dismissal of an attempted appeal by an employee from a determination of the Board adverse to him. In that case we held that the circuit court should decline to review the Board's action where summons was not delivered to the sheriff within the period prescribed in the statutory appeal procedure. The opinion in that case points out that the compensation law evidences an insistence upon promptness in procedure and in the granting of relief. We regarded the legislative method of exercising the right of appeal to secure judicial review as "mandatory" at least in the sense that substantial compliance is required. This is consistent with the whole policy of the compensation law.

The appellant contends that the case just discussed was impliedly overruled in Rucker's Adm'r v. Roadway Express, 279 Ky. 707, 131 S.W.2d 840. We do not consider the Rucker case applicable to the issue presented by this appeal. Rucker presented a wrongful death action filed within the statutory limitation period and with summons issued directed to an out-of-county sheriff for service on a defendant. The summons was admittedly delivered to the plaintiff's attorney. The original summons was never delivered to the sheriff for service but a new summons was issued, delivered, and served about six weeks after the expiration of the limitation statute governing actions for wrongful death. The plaintiff's attorney in Rucker explained that his failure to forward the first summons to the out-of-county sheriff was caused by his inability to ascertain the identity of the process agent of the corporate defendant to be served; because of his inability to attend his business for a three-week period due to his wife's illness; and finally, because he lost the original summons while it was in his pos-

session. In that instance, it was held that the plaintiff's attorney had been guilty of negligence which came "perilously close to barring his client's right of action", but that failure to secure prompt service of process caused by negligence will bar the action only where there is a lack of intention to have the summons presently executed and served when issued. The court concluded that the attorney was not guilty of bad faith and did have an intention to have the summons presently executed when issued.

In the case before us, however, we are presented with a statutory appeal procedure rather than a purely civil action. Neither are we confronted with the situation of a summons served after the prescribed time for appeal. Here, there is a complete absence of service of summons.

We cannot say that appellant's showing to the circut court demonstrated substantial compliance with the statutory appellate procedure involved. There was no tendering of the proper fees to effect service of the summons out of the county. There was no effort made, so far as the record discloses, on the part of appellant to effectively perform those acts required by the statute to secure judicial review of the Board's order.

Appellant's argument that the Board is merely a nominal party does not impress us. The statute which prescribes the method of appeal specifically requires that the Board be made a party. The Board's presence as a party is essential because the Board is required to transmit its proceedings to the circuit court and judicial review is confined in most cases to a consideration of the Board's record. Also the judicial determination made in many instances requires further action by the Board. Hence, the Board in no sense can be regarded as merely a nominal party in proceedings for judicial review of its actions.

It is therefore our conclusion that the appellant by merely filing the petition for

review with the circuit court clerk accompanied by a check for the clerk's cost and thereafter making no effort whatever, within a reasonable time or otherwise, to effect those acts required by the statute to secure the judicial review of the administrative order cannot be said to have substantially complied with the requirements of the statute concerned and with its basic purpose. Hence, we cannot declare the action of the trial court erroneous.

The judgment is affirmed.

All concur.