**Billy MILLIGAN, Appellant,**

v.

**SCHENLEY DISTILLERS, INC., Special Fund, and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

July 13, 1979.

As Modified July 27, 1979.

Robert L. Catlett, Jr., Louisville, for appellant.

Denis Kline, Dept. of Labor, William P. Swain, Louisville, for appellees.

## OPINION AND ORDER

Before COOPER, REYNOLDS · and VANCE, JJ.

COOPER, Judge.

Schenley Distillers, Inc., a named appellee in this appeal, has moved this Court to dismiss this appeal on the grounds that the notice of appeal does not properly specify the appellants and appellees in accordance with CR 73.03. The ruling on this motion is made the subject of a published opinion and order because of the necessity of deciding whether or not the Workmen's Compensation Board is an indispensable party to an appeal to this Court from a circuit court's review of a Workmen's Compensation Board decision.

On April 12, 1979, the Jefferson Circuit Court entered an opinion and order which affirmed the decision of the Workmen's Compensation Board which determined that the appellant was not entitled to workmen's compensation benefits for a subsequent injury because the total resulting occupational disability was less than that for which the petitioner had already been compensated as a result of the previous injury. Schenley Distillers, Inc., the Special Fund, and the Workmen's Compensation Board were defendants in this action in the circuit court.

The notice of appeal, which was filed with the clerk of the Jefferson Circuit Court on April 19, 1979, is set out as follows:

NO. 78CI06923      JEFFERSON CIRCUIT COURT
THIRTEENTH DIVISION

BILLY MIL[L]IGAN      PLAINTIFF
VS      NOTICE OF APPEAL
SCHENLEY DISTILLERS, INC., ET AL. DEFENDANT

•  •  •  •  •  •  •

Notice is hereby given that the Plaintiff, Billy Mil[l]igan, by counsel, hereby Appeals to the Court of Appeals from the final Judgment of the Jefferson Circuit Court entered April 12, 1979.

The notice of appeal is signed by the attorney for the appellant.

On May 16, 1979, Schenley Distillers filed this motion testing the adequacy of the

appellant's notice of appeal. The body of the notice of appeal designates Billy Milligan as an appellant; no appellees are named. Schenley Distillers, Inc., is named in the caption and is identifiable as an appellee. *Schultz v. Chadwell,* Ky.App., 548 S.W.2d 181 (1977). The notice of appeal nowhere names the Workmen's Compensation Board or the Special Fund as parties to the appeal.

Therefore, it appears that Milligan has a properly taken appeal against Schenley Distillers, Inc. But, if Milligan has failed to name an indispensible party to the appeal, the appeal must be dismissed. *Commonwealth, Department of Transportation v. Kelley,* Ky.App., 376 S.W.2d 539, 540 (1964); *Yocom v. Franklin County Fiscal Court,* Ky.App., 545 S.W.2d 296, 298 (1976).

■ An indispensible party is one whose absence prevents the Court from granting complete relief among those already parties. CR 19.01.

■ Clearly, the Special Fund is not an indispensible party. There are only certain statutorily defined situations in which liability may be assessed against the Special Fund, and it is only where this Court is being asked to rule on the Special Fund's liability that the Special Fund must be made a party to the appeal.

KRS 342.285(1) requires that the Workmen's Compensation Board be made a party to appeals to the circuit court from the decisions of the Board. There is no similar statutory provision requiring that the Board be made a party in this Court. However, the Court of Appeals of Kentucky, in the case of *Scott Brothers Logging and Lumber Co. v. Cobb,* Ky., 465 S.W.2d 241 (1971), in construing KRS 342.285, made the following statement in affirming a circuit court dismissal of a workmen's compensation appeal for failure to join the Board:

> Appellant's argument that the Board is merely a nominal party does not impress us. The statute which prescribes the method of appeal specifically requires that the Board be made a party. The Board's presence as a party is essential because the Board is required to transmit its proceedings to the circuit court and judicial review is confined in most cases to a consideration of the Board's record. Also the judicial determination made in many instances requires further action by the Board. Hence, the Board in no sense can be regarded as merely a nominal party in proceedings for judicial review of its actions. *Id.* at 243.

■ We believe that the same reasoning requires that the Workmen's Compensation Board be made a party in appeals of workmen's compensation cases from the circuit court to this Court. The opinions of this Court in workmen's compensation cases frequently require the Workmen's Compensation Board to take some further action in the case. We do not believe that the Board can be required to take that action unless the Board has been a party before this Court.

We do not believe that the Board's presence as a party in the circuit court is adequate. The situation is similar to that of an appeal to this Court of a circuit court's review of the decision of any other administrative agency. Relief cannot be sought against the agency in this Court unless the agency is properly made a party before this Court.

■ Therefore, we find that the notice of appeal in this case did not designate the Workmen's Compensation Board as a party to this appeal, and that the Workmen's Compensation Board is an indispensable party to this appeal. Therefore, it is ordered that this appeal be, and it is hereby, dismissed.