J. T. NELSON COMPANY, INC., Appellant,

v.

James A. COMSTOCK and Charles A. Witherspoon, Appellees.

Court of Appeals of Kentucky.

Aug. 20, 1982.

Alfred J. Simon, Jr., Louisville, for appellant.

Walter H. McGee, Louisville, for appellees.

Before GUDGEL, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment reversing an order of the Unemployment Insurance Commission which had denied benefits to the appellees.

Since this appeal involves not only the specific language contained in the Referee's factual findings and reasons for decision, but also that found in the commission's order, we will set forth the contents of those documents verbatim in lieu of our own analysis of the circumstances leading to this litigation.

The employer, J. T. Nelson Company, appealed an adjusted determination holding that unemployment benefits were payable to appellees herein and chargeable to its account. The salient portions of the referee's decision were:

FINDINGS OF FACT: The employer is a manufacturer of aluminum and steel products for the railroad industry. The claimant performed general shop work there for one year.

On the weekend of December 6 and 7, 1980, the claimant and several other employees helped move the employer's office. In the process, some of the employer's promotional advertising materials were taken, including pens and pocket knives. The claimant and the other men were confronted and told to return the items if they wanted to keep their jobs. The claimant returned all that he had.

In the next day or two, the employer learned that drills, lumber and china had been stolen from its warehouse. Another employee was responsible, but when the claimant reported for work December 9, 1980, he and other workers not involved were discharged as well.

DECISION: The adjusted determination is affirmed.

REASONS: KRS 341.370 disqualifies a claimant from receiving benefits for the duration of his unemployment, and relieves the employer's reserve account from charges under his claim, if he has been discharged for misconduct or dishonesty connected with his most recent work.

Dishonesty has many forms, but in general it may be characterized as a wilful perversion of the truth so as to deceive, cheat, or defraud another party of what

is rightfully his. When an employer alleges a worker has been discharged for dishonesty connected with the work and should be disqualified from benefits, the employer has the burden of proof (*Brown Hotel Company vs. Edwards*, 364 [365] S.W.2d 299).

The Kentucky Unemployment Insurance Commission held in its Order Number 22156, that strict standards must be utilized in determining disqualification for misconduct or dishonesty, one of which being that there must be a showing that the final act which led to termination must have been one which qualifies as such. This rationale is reflective of the proximate cause doctrine, and we think applicable to the case before us. The proximate cause of this claimant's discharge was another employee's thefts. The claimant's discharge was for reasons other than misconduct or dishonesty connected with the work, and neither benefit disqualification or reserve account relief is in order.

Thereafter, the employer appealed to the Commission which determined, with one member dissenting, that:

The referee's findings of fact are supported by the record and are, therefore, adopted by the Commission as its own, the same as if fully set forth herein. However, we do not agree with the conclusions of law drawn therefrom.

KRS 341.370(1)(b) and 341.530(3) combine to provide for the imposition of a duration disqualification from receiving benefits, and granting of reserve account relief to the employer, when a claimant has been discharged from his most recent employment for reasons of work connected misconduct or dishonesty. The simplest form of dishonesty is found in a worker's attempt to deprive the employer of that which rightfully belongs to the employer. In this particular case, we find that the evidence clearly shows dishonesty on the claimant's part, regardless of the employer's agreement or reassuring statement that claimant would remain employed after returning the items in his possession.

WHEREFORE, the Commission, having reviewed the record and being advised, sets aside the referee decision. It is now held that the claimant was discharged from his most recent employment for reasons of work connected misconduct or dishonesty and he is disqualified from receiving benefits from December 7, 1980, through the duration of his subsequent period of unemployment, the employer's reserve account is relieved of charges on the claim. Benefits received during the disqualification period constitute an overpayment which must be returned as provided under KRS 341.415.

With the entry of the foregoing, the employees then appealed to the circuit court which, in its own opinion, after reviewing the procedural steps and the findings of both the referee and the Commission, found that:

The trouble with this decision, which ordinarily might have been sound, is the fact that it was predicated upon facts which were not susceptible of such a conclusion of law.

Any decision of an administrative agency which is not predicated upon Findings of Fact is of course arbitrary and capricious. See *Williams v. Cumberland Valley National Bank* (Ky.App.) 569 S.W.2d 711 (1978). Examining the Findings of Fact it will be seen that the hearing officer found as a fact that mere promotional advertising materials were taken, including pens, pocket knives and a small socket wrench set. (According to the transcript, these were found in a dumpster.)

According to the Findings of Fact the claimant and the other men were confused and told to return the items if they wanted to keep their jobs.

Whether or not finding odd items in a dumpster was dishonesty, is certainly debatable. The Findings of Fact did not expressly say so. The Findings of Fact also expressly stated that the "claimants and the *other men* were confronted and told to return the items if they wanted to keep their jobs."

The facts then executed that "in the next day or two, the employer learned that drills, lumber, and china had been stolen from the warehouse, and that "*another employee was responsible.*" But when the claimant reported for work on December 9, 1980, he and other workers not involved were discharged as well."

Again the decision of the Commission categorily [sic] states that the drills, lumber and china stolen from the warehouse *had been* the *responsibility* of an *employee other than the claimants.*

The most that can be said under the adopted Findings of Fact is that these claimants found some small items that they determined to be junk consisting of pens that did not write.

This court is of the same opinion as the hearing officer, who cited *Brown Hotel v. Edwards* (Ky.) 365 S.W.2d 299 (1963) to the effect that the burden of proof, in establishing that a worker had been discharged of dishonesty connected with work, was imposed upon the employer.

Since the Commission adopted the findings of the hearing officer as its own, and Nelson in its brief did not question the Findings of Fact adopted by the Commission, but only the law, this court is of the opinion that the decision of the Unemployment Insurance Commission is erroneous; that the applicable law as set forth in *Brown v. Edwards supra*, places the burden of proof on the employer. Yet, under the facts adopted by the Commission that burden was not met. Since the Findings of Fact (whatever they held) were not objected to be [sic] either party they of course stand unchallenged. According to these "facts" the only person charged with dishonesty was "an employee other than the claimants. There being no substantial facts buttressing the decision of the Commission it necessarily became arbitrary and capricious.

Therefore, the opinion of the Unemployment Insurance Commission is hereby reversed with the Unemployment Insurance Commission directed to enter a judgment in favor of the claimants pursuant to the recommendations and Findings of the referee.

The decision was appealed to this court.

Before resolving the substantive issues our attention has been directed to a collateral matter. Appellees filed a motion before this court to dismiss the appeal because the Unemployment Insurance Commission was not designated as a party hereto. Another ground was advanced but only the foregoing contention was passed, by order dated April 9, 1982, for our consideration upon the merits.

■ Appellees argue that the failure to name the Commission in the appeal is fatal because any decision we would make would require that agency to take some further action and, absent it being before the court, then we are unable to render an enforceable decision because we have no jurisdiction of the administrative unit. In support of its position, the appellees cite *Milligan v. Schenley Distillers, Inc.*, Ky.App., 584 S.W.2d 751 (1979), a case involving the Workers' Compensation Board. A comparison of the statutory provisions for judicial review of both Board and Commission actions becomes necessary.

KRS 342.285 and KRS 341.450 are determinative of how appeals are to be perfected from the two agencies under discussion to the circuit court. Both the Board and Commission are to be named parties, but the Board need only certify its record to the court while the Commission must do the same but also file an answer. At the conclusion of the circuit court proceedings, in the case of a Workers' Compensation claim, appeal to the next level is provided by KRS 342.290 to the effect:

(1) The judgment of the circuit court shall be subject to appeal to the Court of Appeals. The scope of review by the Court of Appeals shall include all matters subject to review by the circuit court and also errors of law arising in the circuit court and upon appeal made reviewable by the Rules of Civil Procedure where not in conflict with this chapter.

(2) The procedure as to appeal to the Court of Appeals shall be the same as in civil actions, so far as it is applicable to and not in conflict with this chapter.

(3) The appeal shall be advanced on the Court of Appeals docket without motion or notice.

While in the case of an unemployment insurance matter, KRS 341.450(4) and (5) mandate:

(4) An appeal may be taken from the decision of the circuit court to the Court of Appeals, in the same manner, but not inconsistent with the provisions of this chapter, as is provided in equity cases.

(5) It shall not be necessary, in any judicial proceeding under this section or KRS 341.460, to have entered exceptions to the rulings of the commission, and no bond shall be required for entering such appeal. Upon the final determination of such judicial proceedings, the commission shall enter an order in accordance with such determination. A petition for judicial review shall not act as a supersedeas or stay unless the commission shall so order.

The statutes are much the same with one significant difference. While KRS 341.-450(5), in dealing with judicial appellate review, demands that "[u]pon the final determination of such judicial proceedings, the commission shall enter an order in accordance with such determination" no such similar language is contained in KRS Chapter 342. There is a legislative requirement demanding that the Commission do what it is told to do by the courts while nothing of a like nature applies to the Board. This is the distinguishing feature between the case at bar and *Milligan, supra,* in that in the latter situation, absent its being a party, there was no duty upon the Board to conform to the edicts of the judiciary. Putting it a different way, the Commission will conform by operation of law while the Board will do so by being subject to jurisdiction and hence, contempt remedies. Be-cause of differing statutes, our conclusions here do not conflict with those expressed in *Milligan.* An order denying appellees' motion to dismiss will be entered.

■ As to the substantive issues, the appellant contends that the circuit court substituted its findings of fact for those of the administrative agency contrary to the accepted rule in this jurisdiction. We find no merit in the argument, for what the court below did was say that the referee concluded that appellees were discharged by virtue of dishonesty of fellow employees and this reason does not preclude them from acquiring unemployment benefits. The trial judge went on to opine that when the Commission adopted those factual determinations, but drew a contrary conclusion of law, then it was in error. We find no merit in the employer's position.

■ Much is made by the appellant of the referee's use of the language "proximate cause" as a substitution for a statutory test of "connected with." We do not agree with this approach because even though it might be said that the referee may have exercised a poor choice of words, nevertheless, he changed no legislative standard. The sum and substance of the hearing officer's decision is that appellees were fired because someone else was dishonest and the Commission, by its adoption of the facts, agreed and is therefore stuck with it.

The motion to dismiss the appeal is denied.

The judgment is affirmed.

REYNOLDS, J., concurs.

GUDGEL, J., concurs in result by separate opinion.

GUDGEL, Judge, concurring in result:

I concur in the result reached by the majority of the panel only because it has the effect of leaving the judgment of the circuit court undisturbed. However, I would have accomplished the same result by granting the motion to dismiss this appeal. KRS 341.450(1) mandates that an aggrieved

party secure judicial review of a Commission decision by bringing an action against the Commission in circuit court. All other parties in proceedings before the Commission must be joined as parties. KRS 341.-450(4) provides that the circuit court's decision may be appealed to this Court "in the same manner." To me, this latter language clearly mandates that the Commission must be joined as a party in any appeal to this Court. In other words, in my view, the Unemployment Insurance Commission is an indispensable party to any appeal to this Court from a decision of a circuit court rendered in the exercise of the latter court's jurisdiction to review Commission decisions. Since appellant failed to join the Commission as a party to the appeal to this Court, I would dismiss the appeal, *Milligan v. Schenley Distiller's, Inc.*, Ky.App., 584 S.W.2d 751 (1979), without reaching the substantive issues raised.