**Barbara F. HAMMOND, Appellant,**

v.

**DEPARTMENT FOR HUMAN RESOURCES BUREAU FOR SOCIAL INSURANCE, Appellee.**

**No. 82–CA–848–MR.**

Court of Appeals of Kentucky.

March 4, 1983.

Discretionary Review Denied June 29, 1983.

F. Larkin Fore, Louisville, for appellant.

Paul F. Fauri, Gen. Counsel, James F. Perkins, Atty., Dennis McKiernan, Atty., Dept. for Human Resources, Frankfort, for appellee.

Before WHITE, HOWERTON and McDONALD, JJ.

OPINION AND ORDER DISMISSING APPEAL

WHITE, Judge.

This is an appeal from the Franklin Circuit Court's judgment affirming the Department for Human Resources and the State Personnel Board's discharging the appellant.

The appellant contends that the Circuit Court erred in not finding that the decision of the State Personnel Board upholding the dismissal is not supported by substantial evidence and is not supported by law.

The appellee, Department for Human Resources, has challenged this appeal by a Motion to Dismiss because of the appellant's failure to join as an appellee the State Personnel Board as a necessary party.

We will first address this procedural question. The appellant contends that although KRS 18.272(3) [now 18A.100] provides for the joining of the State Personnel Board as a party to the appeal from the Board's ruling to the Circuit Court, that the provisions of subsection (7) of such statute

regarding further appeals to this Court from the Circuit Court do not mandate that the Personnel Board is a necessary party.

This is not a new question; it has been held that in workers' compensation cases the Workers' Compensation Board is a necessary party in all appeals to the Circuit Court and the appellate Court. *See Milligan v. Schenley Distillers, Inc.,* Ky.App., 584 S.W.2d 751 (1979). Appellant contends that in workers' compensation cases the statute there requires joinder of that Board while here it does not. We cannot agree with that contention.

KRS 342.285 provides in subsection (1) concerning appeal to the Circuit Court that "... the board and the adverse party be[ing] made respondents. The board shall be named respondent as the workmen's compensation board, and service shall be had on the director." Correspondingly, in cases on appeal to the Circuit Court from hearings before the State Personnel Board KRS 18.272 [now 18A.100] in subsection (3) states: "The board, the employe, and the appointing authority [here Department for Human Resources] shall be necessary parties to such appeals." Thus, by comparison we see that in appeals to the Circuit Court both of the statutes require the respective boards to be made parties.

It is argued here that although the Workers' Compensation Board has been held to be a necessary party in further appeals, the Personnel Board is not. However, we cannot help but note that insofar as the applicable statute in workers' compensation cases relating to further appeal did not mandate joining the Workers' Compensation Board as a party, the courts have held it is a necessary party. *Milligan, supra,* citing *Scott Brothers Logging and Lumber Co. v. Cobb,* Ky., 465 S.W.2d 241 (1971).

KRS 342.290, in dealing with appeals beyond the Circuit Court, makes no positive statement about who shall be named as parties. In fact, after asserting that the judgment of the Circuit Court shall be subject to appeal to the Court of Appeals, it goes on in subsection (2) simply to state: "The procedure as to appeal to the Court of Appeals shall be the same as in civil actions ...." Again by comparison, KRS 18.272(7) states: "Any party may appeal from the circuit court to the Court of Appeals in accordance with the Rules of Civil Procedure."

In the light of this comparison we are unable to see the difference, if any, as to the requirements of necessary parties in appeals. Both statutes mandate the respective Boards to be parties in the appeal to the Circuit Court. Once having been joined as parties necessary to the final determination, it seems wholly illogical and nonsensical to say that either does not continue to remain such in any litigation carried on by further appellate process. For not only will such Board be bound by the final opinion and decision of the appellate Court, but, in addition, it may well be instructed or directed to take some further action.

In addition, for a more comprehensive explanation, we refer to the case of *Boyd & Usher Transport v. Southern Tank Lines, Inc.,* Ky., 320 S.W.2d 120 (1959), wherein the Department of Motor Transportation had been made a party to the appeal in the Circuit Court and had not been joined as a party in the appeal to the Court of Appeals. In dismissing the appeal, upon motion, the Court there said:

> There appear to be two valid reasons why the Department, having been made a party to the appeal in the circuit court, would be an indispensable party on appeal to this Court. They are: (1) The Department has been made a representative of the public interest in the controversy, and (2) the Department will be directly affected by the final decision of this Court.

For all of the reasons herein stated we hereby hold that the State Personnel Board is a necessary party to this appeal and, failing to have been joined as same, it is ORDERED that this appeal be and it is hereby DISMISSED.

All concur.