**Thomas Franklin SMITH and Billie Ann Smith, Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF JUSTICE, Appellee.**

Court of Appeals of Kentucky.

March 15, 1985.

Thomas Franklin Smith, pro se.

Cathy Cravens Snell, Justice Cabinet, Frankfort, for appellee.

Before HAYES, C.J., and McDONALD and REYNOLDS, JJ.

OPINION AND ORDER
DISMISSING APPEAL

McDONALD, Judge.

This is an appeal from a circuit court review of a Board of Claims judgment. The appellee Department of Justice has moved to dismiss the appeal for two reasons: 1) the appellants did not join the Board of Claims as a party to the appeal, and 2) the appellants did not sufficiently designate the record on appeal. We agree with the appellee's contention that the

Board of Claims is an indispensable party to this appeal; therefore, we must dismiss the appeal.

██ This Court has previously addressed the question of whether or not an administrative agency is an indispensable party to an appeal from a circuit court review of a decision of an administrative agency. The Workers' Compensation Board must be named a party to an appeal from a circuit court review of a decision of the Workers' Compensation Board. *Milligan v. Schenley Distillers, Inc.*, Ky.App., 584 S.W.2d 751 (1979). Likewise, the Personnel Board is an indispensable party to an appeal from a circuit court review of a Personnel Board decision. *Hammond v. Dept. for Human Resources*, Ky.App., 652 S.W.2d 91 (1983). The Unemployment Insurance Commission was held not to be indispensable to an appeal from a circuit court review of an order from that Commission in *J.T. Nelson Co., Inc. v. Comstock*, Ky.App., 636 S.W.2d 896 (1982).

The Workers' Compensation Board, Personnel Board, and Unemployment Insurance Commission are required by statute to be joined to a circuit court review of its order. KRS 342.285(1); KRS 18A.100(3); KRS 341.450(1). No similar statute directs either Board or Commission be made a party to an appeal to this Court. This Court's opinions in such appeals may require the Board or Commission to take further action. As to the Unemployment Insurance Commission, KRS 341.450(5) requires the Commission to enter an order in accordance with the final appellate determination. No similar statute exists for the Workers' Compensation Board or Personnel Board. The Court in *J.T. Nelson Co., Inc. v. Comstock* explained the significance of this difference in the statutory schemes:

... There is a legislative requirement demanding that the Commission do what it is told to do by the courts while nothing of a like nature applies to the Board. This is the distinguishing feature between the case at bar and *Milligan, supra,* in that in the latter situation, absent its being a party, there was no duty upon the Board to conform to the edicts of the judiciary. Putting it a different way, the Commission will conform by operation of law while the Board will do so by being subject to jurisdiction and hence, contempt remedies. *Id.* at 900.

██ The statutory provisions for judicial review of an award or judgment of the Board of Claims are similar to those for the Workers' Compensation Board or Personnel Board. KRS 44.140 was amended effective July 13, 1984, to require the joinder of the Board, the state agency, and the claimant to the circuit court review. KRS 44.150, the controlling statute for an appeal to this Court, does not specify who must be named parties to an appeal. If the Board is necessary at circuit court, it follows that the Board is also necessary to further appeals. *Hammond,* 652 S.W.2d at 92.

This Court's opinion in a Board of Claims case may require the Board to take further action. *See Kentucky State Fair Board v. Nicklies,* Ky., 361 S.W.2d 289, 290 (1962). Unlike the statutory procedure for judicial review of an Unemployment Insurance Commission order, there is no requirement in KRS Chapter 44 to make the Board of Claims execute the appellate court's order. The Board of Claims must be made a party to an appeal to this Court for it to have a duty to conform to this Court's directive. *J.T. Nelson Co., Inc. v. Comstock, supra.*

██ Although this appeal is being dismissed for failure to join an indispensable party, we note that the appellee's second argument is without merit. The appellees assert that the appellants did not sufficiently designate the record. In their notice of appeal, the appellants stated "[a]ppellants wish the total record be transmitted on appeal."

KRS 44.140(4) directs the executive director of the Board to file the entire original Board of Claims record with the circuit court clerk when an appeal is taken to circuit court. No new evidence may be introduced in the circuit court except as to fraud or misconduct of some person en-

gaged in the hearing before the Board. KRS 44.140(5).

In this action, the entire Board of Claims record, including the transcript of the Board's hearing, was filed in the circuit court. There were no evidentiary hearings in the circuit court. The circuit court clerk's record, including the Board of Claims record and transcript, would come to this Court pursuant to CR 75.07(1). CR 75.01(1) requires a designation of "untranscribed portions of the proceedings stenographically or mechanically recorded" the appellants wish to be included in the record on appeal. As there were no stenographically or mechanically recorded proceedings at the circuit court, there was nothing for the appellants to designate. *Modine Manufacturing Co. v. Thweatt*, Ky.App., 547 S.W.2d 448 (1976).

It is hereby ORDERED that the appellee's motion to dismiss the appeal be GRANTED, and that the appeal be DISMISSED for failure of the appellants to join an indispensable party to the appeal.

All concur.