**COMMONWEALTH of Kentucky TRANSPORTATION CABINET, Appellant,**

v.

**Alva MORRISON, Administratrix of the Estate of Daniel Russell Morrison, Appellee.**

Court of Appeals of Kentucky.

July 25, 1986.

Discretionary Review Denied by Supreme Court Oct. 7, 1986.

Charles W. Huddleston, Bowling Green, for appellant.

William Colvin, Greensburg, for appellee.

Before CLAYTON, LESTER and McDONALD, JJ.

LESTER, Judge.

This is an appeal from an opinion and order reversing a judgment of the Board of Claims and remanding the action to be tried in conformity with *Hilen v. Hays,* Ky., 673 S.W.2d 713 (1984), under the doctrine of comparative negligence.

The sole question on appeal is whether the issue of comparative negligence was sufficiently raised and preserved, so as to mandate retroactive application of *Hilen. Id.* at 720.

This case arose from the death of a motorist following his collision with the side of a bridge in Green County. The one lane bridge, in a state of deterioration, collapsed upon impact. The decedent's administratrix filed an action before the Board of Claims on April 22, 1982. In July of 1983, the Board ordered the action dismissed, holding that the claim was barred by decedent's contributory negligence. While the Board agreed that the bridge was inadequate, it found that Daniel Morrison's own negligence was the proximate cause of the accident. There was evidence that the deceased had been drinking and was driving at a high rate of speed on the bridge which he had apparently traveled across daily for many years.

The claimant filed a petition for review before the circuit court arguing that even if the deceased were negligent, recovery should be permitted because the Department was "grossly" negligent. Nowhere in the pleadings or record before the Board was the theory of comparative negligence argued. However, while the appeal was pending before the circuit court, *Hilen v. Hays* was rendered with the directive that the comparative negligence doctrine shall apply to "all cases pending, including appeals, in which the issue has been preserved." *Id.* at 720.

The claimant thereafter filed a motion asking the court below to remand the action to the Board of Claims for application of comparative negligence. The Department opposed the motion arguing that the issue had not been preserved as neither the pleadings nor the briefs raised any issue of comparative negligence.

In ruling upon the case, the court adopted the findings of fact of the Board of Claims, and quoting the aforementioned language from *Hilen v. Hays,* the court concluded:

There is no question but that all issues of negligence of the plaintiff and defendant were preserved in this case.

Accordingly, the court remanded the action to the Board to adjudge the comparative fault of Daniel Morrison and the Department of Transportation. The Department then brought this appeal claiming comparative negligence was not preserved in this case. The claimant admits that the specific term "comparative negligence" was not used at any time throughout the proceedings, but maintains that the respective negligence of the parties was in issue at all stages and that this was sufficient preservation. We cannot agree.

The Supreme Court, in *Hilen v. Hays,* specifically set forth the situations in which the comparative negligence doctrine would apply. It is impossible for this Court to believe that the Supreme Court intended to allow the doctrine to be applied in cases which had been tried without any mention of the issue. It appears clear from the

Court's explicit language that the issue must have been raised by pleadings, briefs, tendered instructions, post-trial motions, or the appeal itself, in order to be properly "preserved."

In its decision to judicially adopt comparative negligence, the Supreme Court relied upon cases from Missouri, Michigan, and Iowa, all of which also adopted the doctrine by judicial decision. In regard to the question of applicability and retroactivity, the Court expressly followed the lead of Missouri and Iowa in *Gustafson v. Benda,* Mo., 661 S.W.2d 11 (1983) and *Goetzman v. Wichern* Iowa, 327 N.W.2d 742 (1983).

Since these cases were rendered, those states have also been called upon to determine what is sufficient preservation of the issue. In cases similar to the case at bar, other jurisdictions have held that mere references to the impropriety of contributory negligence as a defense fall short of preserving error on the issue of comparative negligence. *Mullen v. Kennard,* Mo.App., 674 S.W.2d 202 (1984). In *Sechler v. State of Iowa & Graves Construction Co.,* Iowa, 340 N.W.2d 759 (1983), the Court found that comparative negligence was not preserved by either a motion to amend or a motion for new trial both of which claimed that contributory negligence was an improper defense to actions based on gross negligence. *Id* at 763. Such was the argument of the claimant herein, yet at no time in the proceedings until after the issuance of *Hilen v. Hays* did appellee mention comparative negligence. When the issue has never been presented to the trier of fact, herein, the Board of Claims, it cannot be said to have been preserved. *Placek v. City of Sterling Heights,* 405 Mich. 638, 275 N.W.2d 511 (1979); *Wade v. State* 92 Mich.App. 234, 284 N.W.2d 522 (1979).

We do not believe the Supreme Court intended to punish those members of the bar who had failed to argue a theory of law which did not exist at the time in this Commonwealth; but rather, recognized that many litigants had been diligently advocating the change which did eventually come about in *Hilen.* If no retroactive application had been given to that opinion, the fortuity that Margie Hilen's case was the first to be considered by the Court would have been the sole determinant of who would benefit from the doctrine. *Placek, supra,* 405 Mich. at 662–68, 275 N.W.2d at 520–22. We conclude that the Court's intention is clear, and the mere fact that negligence alone was in issue, without any mention of the comparative fault doctrine, is insufficient.

Additionally, appellee maintains that the failure to plead or otherwise preserve the issue of comparative negligence is excusable in this instance because the case was before the Board of Claims rather than a court of law. Referring us to *Dept. for Human Resources v. Redmon,* Ky.App., 599 S.W.2d 474 (1980), the claimant argues that it was not bound by the rules of procedure requiring specific pleading. However, *Redmon* is distinguishable as the issue therein was tried by implied consent of the parties. CR 15.02. In the case at bar, the issue has never been tried and cannot be raised at this point.

Finally, the Court takes note of the fact that the appellants did not name the Board of Claims as a party to the appeal, even though this Court has previously held that the Board is an indispensable party. *Smith v. Commonwealth, Dept. of Justice,* Ky.App., 686 S.W.2d 831 (1985). However, we are also mindful of the Supreme Court's recent decision which abandons the policy of strict compliance with rules of procedure regarding appeals to adopt a new policy of substantial compliance. *Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986). In another recent case, though, the Supreme Court dismissed a case, upon motion, for failure to join the indispensable administrative agency as a party to the case. *Ky. Unemployment Ins. Commission v. Carter,* Ky., 689 S.W.2d 360 (1985).

Because we perceive this to be a conflict more properly left to the higher court to resolve, and because the failure to name the Board of Claims was not raised by motion or otherwise by any of the parties to this appeal, we do not decide the issue.

We mention it only to point out our knowledge of the inconsistency between our decision herein and the dismissal of the appeal in *Smith, supra.*

Accordingly, the judgment of the Green Circuit Court is reversed with directions that it reinstate the opinion and order of the Board of Claims which found the action barred by decedent's contributory negligence.

All concur.