RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

**MODIFIED UPON DENIAL OF REHEARING: DECEMBER 27, 2022**

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0032-WC

JONATHAN HAWK                                                                APPELLANT

v.
PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-17-01865

MS COMPANIES; WORKERS' COMPENSATION
BOARD; AND HONORABLE GRANT ROARK,
ADMINISTRATIVE LAW JUDGE                                                APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Jonathan Hawk appeals from a decision of the Workers'

Compensation Board (Board) vacating and remanding a July 26, 2021, order of an

Administrative Law Judge (ALJ) that directed appellee, MS Companies, to pay

Hawk workers' compensation benefits.[1]  For the reasons expressed below, we vacate the Board's decision and direct the Board, on remand, to dismiss MS Companies' underlying administrative appeal.

BACKGROUND

Express Employment Professionals ("Express") is a temporary employment agency; Hawk is its former employee; and when Hawk worked for Express, Express assigned him to work for one of its clients, Faurecia.  Hawk's employment with Express terminated in April 2017.  Hawk then filed a workers' compensation claim against Express on November 7, 2017, alleging bilateral hand/wrist/arm injuries from repetitive motion that manifested on November 15, 2016, while he was working on Faurecia's assembly lines manufacturing car seats. In 2018, Hawk began his employment with MS Companies and was assigned to work again at Faurecia.  On May 3, 2018, Express moved to dismiss Hawk's claim based upon Hawk's deposition testimony that he had returned to work on Faurecia's assembly lines, albeit on behalf of a different temporary employment agency employer, appellee MS Companies.

Express noted in its motion that Hawk testified he had been performing work at Faurecia – on behalf of Express on November 15, 2016 –

---

[1] Based on our review of the record, at least three different Administrative Law Judges (ALJ) participated in this case.

where his job was to install the "side shield" on car seats approximately 35-45 times per hour on average. And, Hawk further testified that in February 2018, he had returned to work at Faurecia – on behalf of MS Companies – once again building car seats; this time, his job on the assembly line was to attach the "pork chop" to the seats approximately 35-45 times per hour on average. In sum, Express argued that because Hawk had alleged a "cumulative trauma"-type injury caused by assembly line work, Hawk's employer at the time of his "most recent injurious exposure in the work place" – MS Companies – bore all liability in this matter. Record, p. 132-34.

On July 26, 2018, MS Companies was joined to this litigation as a defendant. On July 30, 2018, the ALJ then entered an order passing on the merits of Express's motion until "all proof has been developed," explaining "[t]he fact that the Plaintiff returned to work on the same assembly line is not dispositive of the issues in this claim. He was performing a different job when he returned."

On October 11, 2019, Express once again moved to dismiss; in support, it made the same arguments and cited the same proof it had relied upon in its prior motion. On March 6, 2020, following a telephonic status conference, the ALJ then entered an interlocutory order granting Express's motion.[2] The ALJ's

---

[2] In granting Express Employment Professionals' motion to dismiss, the Administrative Law Judge (ALJ) did not resolve all the claims involved in this matter, and his March 6, 2020, order of dismissal did not recite that it was "final" and that there was "no just reason for delay."

order contained no legal analysis or findings in support of its decision. Notably, MS Companies did not oppose Express's motion nor participate in the status conference.

MS Companies did not make any attempt at litigating this matter until July 22, 2021, when its attorney filed his first notice of appearance and, in conjunction therewith, MS Companies' post-hearing brief.[3] Therein, MS Companies argued in relevant part:

> Even if causation is found to exist, the responsible employer is not MS Companies. Indeed, the parties have stipulated that the injury occurred on November 15, 2016. It is undisputed that the Plaintiff was working for Express Employment Professionals on this date. MS Companies acknowledges that the Plaintiff returned to work for MS Companies after November 15, 2016; however, there has never been an alternative injury date alleged. As a result, MS Companies had no obligation to defend a claim that was sustained prior to their employment. Moreover, the simple fact that one returns to work, does not mean that additional permanency developed. Simply put, the Plaintiff has stipulated to a November 15, 2016 injury date. While he returned to work, he never pled an alternative injury date for which an award can be generated.

Record, p. 306.

---

Therefore, the ALJ's March 6, 2020, order remained interlocutory until July 26, 2021, when the ALJ resolved the remaining issues in this matter. *See* 803 Kentucky Administrative Regulation (KAR) 25:010 § 22(2)(b) (providing "a final award, order, or decision shall be determined in accordance with Civil Rule 54.02(1) and (2)").

[3] MS Companies did not participate in the benefit review conference or the final hearing before the ALJ, which was conducted by the ALJ on May 27, 2021.

In an order entered July 26, 2021, the ALJ resolved the remaining issues in this matter, ultimately directing MS Companies to pay Hawk the total amount of his temporary total disability benefits (TTD), permanent partial disability benefits (PPD), and his reasonable and necessary medical expenses relating to his cumulative trauma work injury. Regarding MS Companies' contention that it was not Hawk's employer on the stipulated date of his injury, the ALJ further held:

> For the first time, on July 22, 2021, legal counsel entered an appearance on behalf of the defendant employer, MS Companies. At the same time, counsel filed a post[-] hearing brief. In its brief, the defendant attempts to argue plaintiff's alleged injuries are not work-related. However, this defendant never filed a form 111, Notice of Claim Denial or Acceptance, and as such, all allegations alleged in plaintiff's form 101, including those as amended, were deemed admitted. 803 KAR [Kentucky Administrative Regulation] 25:010 Sec. 5(2)(b). Moreover, causation and work relatedness were not listed as a contested issue at the benefit review conference conducted on May 27, 2021 at the beginning of the final hearing. Similarly, whether plaintiff was an employee of the defendant, MS Companies the date of the injury was also not listed as a contested issue so, again, the defendant is precluded from making that argument at this time. For these reasons, the defendant is precluded from arguing causation which is now presumed as a matter of law.[4]

---

[4] After being named a party to this proceeding by order of the ALJ on July 26, 2018, inexplicably, MS Companies did not participate or appear in the case for almost three years, until the filing of its motion to file a brief on July 22, 2021.

Record, p. 313.

Shortly thereafter, MS Companies filed a petition for reconsideration. There, MS Companies stated it was "not asserting error in the ALJ's finding that the Plaintiff suffered a cumulative trauma injury." Rather, as before, MS Companies took issue with the ALJ's decision to hold *it* liable for Hawk's cumulative trauma injury – either because: (1) proof of Hawk's subsequent injurious exposure to cumulative trauma or worsening of his cumulative trauma injury while in its employ was non-existent; or (2) Hawk had failed to amend his Form 101 application for benefits to encompass the time frame of his employment with MS Companies, or to otherwise rescind his stipulation that his cumulative trauma work injury manifested while he was employed by Express. Specifically, MS Companies argued:

> It is undisputed that the Plaintiff was working for Express Employment Professionals on the date of injury – November 15, 2016. There has never been an alternative injury date alleged. As a result, MS Companies had no obligation to defend a claim that was sustained prior to their employment taking effect. While the Plaintiff did return to work after November 15, 2016, the simple fact that one returns to work, does not mean that additional permanency developed. The fact remains that the Plaintiff has stipulated to a November 15, 2016 injury date. While he returned to work after November 15, 2016, he never pled an alternative injury date for which MS Companies had an obligation to defend the claim.

-6-

> In rendering his award, the ALJ relied upon the fact that MS Companies failed to tender a denial or contest that an employment relationship exists. In response, MS Companies argues that there was never an Order requiring them to tender a response denial. Similarly, MS Companies is unaware of any statute or regulation requiring a response denial in this circumstance. Moreover, MS Companies argues that it is immaterial that they failed to submit a denial in this claim. Indeed, while MS Companies was joined as a party, there was no alternative injury date filed for which MS Companies opened itself up to liability. MS Companies had no obligation to mount a defense for an injury date that the Plaintiff stipulated occurred prior to the Plaintiff's work with MS Companies. This statement against interest requires judicial notice be taken. MS Companies does agree that there was an employment relationship; however, that employment relationship began at a time after the stipulated injury date. Therefore, MS Companies argues that they cannot be liable in this matter.

Record, p. 320-21.

On August 30, 2021, the ALJ overruled MS Companies' petition. MS Companies then appealed to the Board, reasserting the substance of its argument set forth above. Notably, however, MS Companies did not name Express as a party to the appeal or serve Express or its counsel with a copy of the notice of appeal.

Upon consideration, the Board vacated the ALJ's order. In its December 10, 2021, decision to that effect, it explained in relevant part:

> We agree that an award against MS cannot be based upon a November 15, 2016 injury date. Liability

-7-

of MS necessarily depends on exposure to cumulative trauma occurring during its employment period. During litigation of this claim, no ALJ made an explicit finding of fact that Hawk was exposed to cumulative trauma while employed by MS. *Certainly, Express raised an issue concerning the last employer at which Hawk was exposed to cumulative trauma in its Motions to Dismiss and its proposed stipulations and contested issues. However, ALJ Neal's March 6, 2020 Order dismissing Express as a party made no specific finding that employment with MS produced a cumulative trauma injury.* MS is correct in noting Hawk never moved to amend his claim to include an allegation of a cumulative trauma injury during his employment with MS or to allege a later injury date. ALJ Neal's July 2, 2018 Order states a telephonic status conference was held on that date and indicates Hawk would amend his claim to include the current employer. Hawk's Motion to Join MS was silent as to the reason for joinder.

On remand, the ALJ must determine whether Hawk ever amended the Form 101 to include his employment period with MS. If no such amendment was made, MS must be dismissed. *It cannot be held liable for any injury occurring prior to employing Hawk.*

. . .

Accordingly, the July 26, 2021 Opinion, Award and Order and the August 30, 2021 Order on Petition for Reconsideration rendered by Hon. Grant S. Roark, Administrative Law Judge, are hereby VACATED. This claim is REMANDED for additional findings consistent with the views expressed herein.

Record p. 376-77 (emphasis added).

Hawk now appeals.

-8-

ANALYSIS

For the reasons that follow, we must vacate the Board's decision on two grounds, including a jurisdictional ground that the Board and parties failed to recognize.[5] The thrust of MS Companies' arguments and the Board's opinion is that Express could be liable for Hawk's injuries. As MS Companies and the Board both pointed out, no ALJ made a specific finding that employment with MS Companies had caused Hawk to sustain a cumulative trauma injury. But, Hawk's Form 101 – the allegations of which the ALJ deemed MS Companies had admitted – asserted Hawk's injury at issue in this matter manifested on November 15, 2016, while employed by Express. Moreover, when an employee alleging a work-related cumulative trauma injury works for multiple employers, the employer on the date of manifestation of the injury bears the burden of paying workers' compensation benefits. *See Hale v. CDR Operations, Inc.*, 474 S.W.3d 129, 138 (Ky. 2015) (holding that "[n]othing in KRS [Kentucky Revised Statute] Chapter 342 limits the liability of the employer, in whose employ the date of manifestation occurred, to

---

[5] *See, e.g.*, *Basin Energy Co. v. Howard*, 447 S.W.3d 179, 187 (Ky. App. 2014) (holding that "[a] reviewing body or court has an affirmative obligation to ensure that it is acting within its subject-matter jurisdiction. Even if not raised by the parties, a court must dismiss if it determines at any point in the litigation that it lacks subject-matter jurisdiction. The parties cannot confer jurisdiction by failing to raise the issue either intentionally or unintentionally."); *Liquor World of Corbin, LLC v. Commonwealth Dep't of Alcoholic Beverage Control*, 458 S.W.3d 814, 816 (Ky. App. 2014) ("It is fundamental that a court must have jurisdiction before it has authority to decide a case. . . . Each court or administrative body must determine for itself whether it has jurisdiction." (Internal quotation marks and citations omitted)).

the percentage of the claimant's work-life spent there" within the context of cumulative trauma injuries).

However, upon being named a party to this case on July 26, 2018, MS Companies took no affirmative steps to participate in the case until July 22, 2021, when counsel entered an appearance for MS Companies and filed a post-hearing brief, almost three years after being joined as a party. As noted by the ALJ, MS Companies did not participate in the benefit review conference or formal hearing on May 27, 2021. At the conference, various stipulations and contested issues were entered by the ALJ, including the date of injury and that MS Companies was the responsible employer, since Express had previously been dismissed. Given that MS Companies had not filed a Form 111 or otherwise raised as a contested issue its liability for the alleged workplace injury, the ALJ concluded that MS Companies effectively waived its right to contest its liability by virtue of its own inaction in this case, citing 803 KAR 25:010 § 13(12).[6]

We agree with the ALJ that MS Companies' inaction and failure to participate in the case for three years constituted a waiver of the contested issue of MS Companies being liable for Jonathan Hawk's injuries. The Workers'

---

[6] This regulation provides that issues not raised are waived. The ALJ concluded in its Order of July 26, 2021, that MS Companies was precluded from arguing that it was not the responsible employer for Hawk's injuries for failure to raise this as a contested issue at the benefit review conference.

-10-

Compensation Board clearly erred as a matter of law by not addressing the issue and recognizing that MS Companies had waived this argument by not participating in the benefit review conference and raising the issue therein, as required by 803 KAR 25:010 § 13(12).

Additionally, the Board's order vacating the ALJ's award did not remand for the purpose of determining which employer was responsible for Hawk's injuries, but rather was limited to determine if Hawk ever amended his Form 101 to include employment with MS Companies. If not, the Board directed the ALJ to dismiss MS Companies as Hawk's employer, which effectively results in setting aside the award of benefits for Hawk, since Express had previously been dismissed as a party by an interlocutory order entered March 6, 2020. That interlocutory order became final upon entry of the final order entered July 26, 2021, and Express was not named as a party to this appeal by MS Companies.

Presumably, because Express was not named as a party to the appeal, the Board declined to address or reopen the case for determination of the liability for Hawk's injuries. That looks to another problem in this appeal. Express was an "adverse party" in this matter, *i.e.*, a party "against whom the ultimate right to relief pursuant to KRS Chapter 342 may exist, whether jointly, severally, or in the alternative." 803 KAR 25:010 § 2(1) and (3)(a). Indeed, the Board could not vacate the ALJ's July 26, 2021, order without arguably affecting Express's rights,

-11-

since Express was an "indispensable" party to MS Companies' appeal – one whose absence prevented the Board "from granting complete relief among those already parties." *Milligan v. Schenley Distillers, Inc.*, 584 S.W.2d 751, 753 (Ky. App. 1979), *superseded on other grounds by statute*, KRS 342.285; *see also Browning v. Preece*, 392 S.W.3d 388, 391 (Ky. 2013) (holding that an "indispensable party" is one who has an interest that would be affected by the decision of a reviewing tribunal, "regardless of whether that interest is affected adversely or favorably").

Accordingly, it was incumbent upon MS Companies to name Express as a party to its administrative appeal. Specifically, within thirty days after the ALJ's award became final, MS Companies was required to name Express as a party in its notice of appeal to the Board, and to serve its notice upon Express. *See* 803 KAR 25:010 § 22(2)(a) (specifying the thirty-day period for filing a notice of appeal to the Board); 803 KAR 25:010 § 22(2)(c)2. (providing "[t]he notice of appeal shall . . . [d]enote all parties against whom the appeal is taken as respondents"); 803 KAR 25:010 § 22(4)(a)2. (providing that "[t]he petitioner shall specifically designate as respondents all adverse parties"); *see also* 803 KAR 25:010 § 22(8)(a) ("[b]efore filing a notice of appeal, cross-appeal, or any brief with the commissioner of the Department of Workers' Claims, a party shall serve, in the manner provided by Civil Rule 5.02, or electronically as set forth in this administrative regulation, a copy of the document on each adverse party").

-12-

But, MS Companies failed to do so.  And the Board nevertheless addressed the merits of its appeal, without Express being a party or having the opportunity to participate in the appeal, which in this case serves to be to the detriment of Hawk.

With respect to our review of an opinion of the Board, we only reverse when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).  Here, when the Board rendered its opinion of December 10, 2021, it improperly addressed the merits of a dispute relating to a notably absent indispensable party, and thus overlooked or misconstrued the law controlling its appellate jurisdiction.

Failure to name an indispensable party in the notice of appeal is a jurisdictional defect that cannot be remedied after the period for filing the notice has run.  *See Browning*, 392 S.W.3d at 391.  Moreover, "[t]his Court has often emphasized that one seeking review of administrative decisions must strictly follow the applicable procedures.  Since an appeal from an administrative decision is a matter of legislative grace and not a right, the failure to follow the statutory guidelines for an appeal is fatal."  *Taylor v. Duke*, 896 S.W.2d 618, 621 (Ky. App. 1995) (citations omitted).  Here, having failed to include Express in its notice of appeal before the Board, MS Companies effectively deprived the Board of

jurisdiction to resolve its appeal.  Accordingly, we vacate the Board's opinion.

Upon remand, the Board is directed to dismiss  MS Companies' underlying appeal

in this matter.

For the foregoing reasons, the opinion of the Workers' Compensation

Board is vacated and remanded to dismiss MS Companies' appeal and affirm the

ALJ's July 26, 2021, Opinion, Award, and Order.

ALL CONCUR.

BRIEF FOR APPELLANT:

James R. Martin
Lexington, Kentucky

BRIEF FOR APPELLEE MS
COMPANIES:

Donald J. Niehaus
Lexington, Kentucky