### Aubrey JOHNSON et al., Appellants,

v.

### Charles E. CORRELL, Appellee.

Court of Appeals of Kentucky.

March 4, 1960

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellants.

Fritz Krueger, Somerset, for appellee.

STEWART, Judge.

The question on appeal is whether the State Board of Embalmers and Funeral Directors (hereinafter called "the board") has the authority to revoke the certificate of registration of an apprentice funeral director.

Appellee, Charles E. Correll, on July 29, 1955, filed with the board a certificate of registration of apprenticeship, as an assistant funeral director, as required under KRS 316.040. At all times mentioned herein he worked for Denny-Murrell-Ramsey Funeral Home in Somerset in the capacity of an apprentice, although he was the president and majority stockholder of the funeral home. Under KRS 316.090(2), an applicant for funeral director's license, among other things, must have served three consecutive years as a registered assistant to a licensed funeral director before he is qualified to receive a funeral director's license.

On October 4, 1957, the board (whose members are appellants herein) cited appellee to appear at a hearing to show cause why his "registration as an apprentice funeral director should not be cancelled and voided" for alleged acts of soliciting funeral directing and embalming business in violation of KRS 316.150(2) and also for holding himself out to be a licensed funeral director in violation of KRS 316.020(1).

A hearing was held, and upon a finding that appellee was guilty of the charges preferred against him, his apprenticeship was cancelled and his registration as an apprentice was voided. On an appeal to the Pulaski Circuit Court, the order of the board was set aside and held for naught upon the ground that the board was adjudged to have no authority to revoke the certificate of registration, it being the lower court's opinion that the provisions of KRS 316.150, giving the board the power to revoke the license of a funeral director, could not be extended by implication to cover an apprenticeship registration.

KRS 316.150 provides that the board, upon sufficient proof, may revoke, suspend, or refuse to issue or renew, for certain enumerated causes, any *license* issued to a funeral director. However, neither this section, nor any other applicable statute, bestows upon the board the authority to void any certificate of registration filed with it by a prospective applicant to signify his

entrance upon an apprenticeship with a licensed funeral director.

Despite the failure of the terms and conditions of KRS 316.150 to extend to and embrace the certificate of registration of an apprentice, the board argues it has implied power under this statute to revoke the certificate of registration of an apprentice to the same extent that it could take disciplinary action thereunder against a licensee for misconduct. Appellee takes the position that the board cannot inject into the statute new and additional rights; that it may only discharge such powers as were actually bestowed upon it.

The board here was authorized only to administer the law as written. It was not empowered to add to or subtract from the statute. Powers not conferred are just as plainly prohibited as those which are expressly forbidden. When powers are given to be performed in a specified manner, there is an implied restriction upon the exercise of those powers in excess of the grant. See Jefferson County v. Jefferson County Fiscal Court, 269 Ky. 535, 108 S.W. 2d 181. See also Robertson v. Schein, 305 Ky. 528, 204 S.W.2d 954, and Bloemer v. Turner, 281 Ky. 832, 137 S.W.2d 387, in which cases the limitations imposed upon an administrative agency are discussed at length.

The Legislature has clearly defined in the statute under consideration the class of persons over whom the board may assume jurisdiction and it has set forth the extent of jurisdiction the board may take unto itself and employ. The action attempted to be carried out by it with reference to appellee is not covered by or included within the scope of KRS 316.150. Thereunder the board's authority is expressly confined to the suspension or revocation of a license, or to the refusal to issue or renew a license. The board has issued nothing to appellee; it has merely received from him and filed a certificate of registration of apprenticeship. This amounted to merely a notification that he had begun training for the profession he had chosen to follow. Once it performed this act, the law gives it no further control over him. We therefore conclude the board exceeded its statutory authority when it attempted to nullify appellee's certificate of registration as an apprentice funeral director.

The board relies upon Beatty v. State Board of Undertakers, 352 Pa. 565, 43 A.2d 127, 129, in which the Supreme Court of Pennsylvania ruled that the state board of undertakers had authority to revoke the registration of a student apprentice for misconduct in the practice of undertaking, even though the statute authorizing the suspension or revocation of licenses of undertakers did not expressly deal with the registration of apprentices.

That case, were we to accept its holding as applicable law in this state, would be controlling of the facts in the case at bar. However, it is the opinion of the majority of this Court that the doctrine of extending a grant of statutory powers by implication, laid down there, should not be adopted in this jurisdiction. On the contrary, the reasoning advanced in the dissenting opinion of the Pennsylvania case is favored, which is aptly set forth in this excerpt:

"It is wrong for a court, by construction, to amend and thus extend a statute. * * * No matter how desirable it may be, as a matter of governmental policy, to have registrations of student apprentices to undertakers made subject to cancellation or revocation for cause at the instance of the State Board of Undertakers, any provision to that end is for the legislature to supply when it sees fit so to do. * * *"

It follows that the lower court correctly disposed of the issue presented.

Wherefore, the judgment is affirmed.