Billy Joe COMPTON (Deceased), Sharon Compton (Widow), Julie A. Compton, and Dorothy Compton, Appellants,

v.

AMERICAN COMMERCIAL BARGE LINE CO. and Uninsured Employers' Fund, Appellees.

Court of Appeals of Kentucky.

March 2, 1984.

Earl T. Osborne, Osborne & Harris, Paducah, for appellants.

Richard C. Roberts, Whitlow, Roberts, Houston & Russell, Paducah, Paul D. Rehm, Asst. Atty. Gen., Frankfort, for appellees.

Before COOPER, GUDGEL and HOWERTON, JJ.

COOPER, Judge.

This is an appeal from an order of the circuit court dismissing an appeal from an order of the Workers' Compensation Board. The circuit court dismissed the appeal, entering summary judgment for the appellees in that the appellants failed to name the Workers' Compensation Board as a party to the appeal pursuant to KRS 342.285(1). On appeal, the issue is whether the circuit court acted correctly in ruling that there was no genuine issue as to any material fact, and that the appellees were entitled to judg-

ment as a matter of law. CR 56.03. Reviewing the record below, we affirm.

The facts relative to this action are as follows: In July of 1980, the decedent, Billy Joe Compton, died when the rental car he was driving to work overturned. At the time of his death, he was an employee of the appellee, American Commercial Barge Line Company. The latter was to pay for the rental use of the car, which was to be returned to the Avis Car Rental Company by the pilot of the barge whom the decedent was relieving at work.

Subsequent to the decedent's death, the appellants—Sharon Compton, his widow; Julie A. Compton; and Dorothy Compton—filed a claim for compensation with the Workers' Compensation Board. The latter dismissed the claim, stating that if the decedent were killed in the course of his employment—an issue which is contested—any claim for damages arising out of his death must be brought pursuant to 46 U.S.C. § 688, *The Jones Act.* Effectively, it ruled that it had no jurisdiction over the appellants' claim, and therefore dismissed it.

The appellants filed a petition for appeal in the circuit court alleging that the board had wrongfully dismissed the claim under the "going and coming rule." The complaint filed in the circuit court named the appellee and the co-appellee, Uninsured Employers' Fund, as appellees. The Workers' Compensation Board was not named as a party. The appellees filed answers to the complaint and, although neither specifically raised the defense of failure to join the board pursuant to KRS 342.285(1), both raised the general defenses that the circuit court had no jurisdiction over the claim, and the appellants had failed to state a claim upon which relief could be granted.

In January of 1983, the appellees jointly moved for summary judgment, alleging that the board had not been named as a party defendant. The appellants then moved to amend their pleadings, arguing that the appellees were required to raise the defense of the failure to join the board as a party defendant either in their answers or prior to filing their answers, pursuant to CR 12.02. Nevertheless, the circuit court dismissed the action. It is from such order that the appellants now appeal.

Principally, the issue is whether the circuit court erred in ruling that the appellees were entitled to judgment as a matter of law given the failure of the appellants to name the Workers' Compensation Board as a party in its appeal to the circuit court. KRS 342.285(1). Although the appellants argue that any error involved was curable by amendment and that the appellees waived the error by failing to raise it either in their answers or a motion prior to filing their answers, we find the law in this jurisdiction to be otherwise.

Specifically, the appellate courts in Kentucky require strict compliance with procedural rules in both the filing of a notice of appeal under CR 73.03, and in the filing of appeals from administrative bodies to circuit courts. In *Foremost Insurance Co. v. Shepard,* Ky., 588 S.W.2d 468 (1979), the court rejected the concept of substantial compliance if there had been no resulting prejudice to either party, and reaffirmed the policy of strict compliance with rules of procedure vis-a-vis appeal:

> We therefore decline to retreat from our policy of strict compliance with rules of procedure regarding appeals. None of the notices of appeal filed by movants designates a final or appealable judgment. The Court of Appeals properly dismissed the appeals. *Id.* at p. 469.

Such a policy of strict compliance has been enunciated by the courts in situations in which an appeal is taken from an administrative proceeding to a circuit court, or in which the action involved is governed by a particular statute. In *Board of Adjustments of the City of Richmond v. Flood,* Ky., 581 S.W.2d 1 (1979), the appellees appealed to the circuit court from an order of the Board of Adjustments which granted a sign-height-variance to Exxon and Cracker Barrel. The statute required that the planning and zoning commission be named as a party to that appeal. Although the planning and zoning commission was named as party defendant, it was not named within

the thirty-day statutory period following the decision of the Board of Adjustments. In ruling that the circuit court had no jurisdiction, given the failure to name the planning and zoning commission as a party defendant, the court held as follows:

> There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy... Here the appeal was filed within the thirty-day limitation, but no effort was made to include the Commission as a party until sixty-eight days after the final action of the Board. Consequently, one of the conditions precedent to the exercise of judicial power by the circuit court was not met and it was required to dismiss the appeal for want of jurisdiction. *Id.* at p. 2.

In upholding the circuit court's dismissal of the action, the *Flood* court differentiated between the situation in which an indispensable party has not been named, and the situation in which a court cannot acquire jurisdiction:

> The majority of the Court of Appeals and counsel for the respondents myopically view the issue here as one of indispensability of parties under CR 19.01. Such is not the case. The civil rules do not apply in this type of litigation until after the appeal has been perfected. CR 1; KRS 100.347(2). *Id.* at p. 2.

Furthermore, the courts in this jurisdiction have consistently ruled in favor of strict compliance when the action brought in the circuit court is brought pursuant to a statute. *See Kentucky Util. Co. v. Farmers Rural Elec. Coop. Corp.,* Ky., 361 S.W.2d 300 (1962); *Howell v. Haney,* Ky., 330 S.W.2d 941 (1960). Given the statutory nature of this action, the appellants cannot amend their pleadings to enable the circuit court to acquire jurisdiction. *See also Blue Grass Mining Co. v. North,* 265 Ky. 250, 96 S.W.2d 757 (1936); *Scott Brothers Logging and Lumber Co. v. Cobb,* Ky., 465 S.W.2d 241 (1971).

Given such rulings, the circuit court acted correctly in dismissing appellants' action for failing to name the Workers' Compensation Board as a party to the appeal. We further reject the appellants' argument that the appellees waived any error by failing to raise the issue either in their answers or in a motion prior to such answers. For, as the court in *Flood, supra,* held, failure to name a party is not a question of indispensability of parties, but one of jurisdiction. *See also Commonwealth v. Berryman,* Ky., 363 S.W.2d 525 (1963).

The order of the circuit court is affirmed.

All concur.