

J. Marshall Hughes, Hughes & Coleman, Bowling Green, for appellant.

David W. Anderson, Harned, Anderson & Bachert, Bowling Green, for Panarama Rest Care.

David R. Allen, Special Fund, Louisville, for Special Fund.

Before HOWARD, STUMBO and WILHOIT, JJ.

WILHOIT, Judge.

The appellant, Flossie Mae Stahl, was found to be totally occupationally disabled; 25 percent of the disability was attributed to a 1986 work-related injury to her hip and back and 75 percent was excluded from compensation as prior active disability. The appellant appealed to the Workers' Compensation Board. The administrative law judge (ALJ) who rendered the opinion and award was not named as a respondent in the appellant's notice of appeal, although the certificate of service reflected that the ALJ was served with a copy of the notice of appeal. Upon a motion filed by the appellee Special Fund, the board dismissed the appeal for failure of the appellant to join the ALJ as a respondent. This petition for review followed.

803 KAR 25:011 Section 12(2) provides that in an appeal to the board from a decision of an ALJ, the ALJ who rendered the decision "shall be named as a respondent" in the notice of appeal. In its order dismissing the appeal, the board cited *Milligan v. Schenley Distillers, Inc.*, Ky.App., 584 S.W.2d 751 (1979), and *Compton v. American Commercial Barge Line Co.*, Ky.App., 664 S.W.2d 950 (1984). Both of these cases arose under the procedure in compensation cases which existed prior to

the extensive amendments effective January 1988.

*Milligan* held that the failure to join the board as a party to an appeal from a circuit court review of a board decision required dismissal of the appeal. This court reasoned that the board was an indispensable party because it may be required to take further action in the case; without the board's presence as a party, the appellate court had no jurisdiction to direct the board to take further action. *Milligan*, 584 S.W.2d at 753. In *Compton*, this court affirmed a circuit court's dismissal of an appeal from the board because the board was not named as a party. Prior to its amendment, KRS 342.285(1) required that the board be named as a respondent in the petition seeking circuit court review of a board decision. The court, relying on *Board of Adjustments of the City of Richmond v. Flood*, Ky., 581 S.W.2d 1 (1978), held that the failure to comply with the statute resulted in the circuit court's not acquiring jurisdiction over the action. *Compton*, 664 S.W.2d at 952.

There is no jurisdictional problem presented in this case. KRS 342.285(1) confers jurisdiction on the board to hear appeals from an order or award of an ALJ. Unlike the previous version of KRS 342.-285(1), there is no statutory requirement that the ALJ be named as a party in an appeal to the board. Granted, KRS 342.-285(1) confers authority on the board to promulgate procedural rules as to how an appeal is prosecuted. The board is without authority to supply additional jurisdictional requirements to the appeal procedure, *cf.*

*Johnson v. Correll*, Ky., 332 S.W.2d 843, 845 (1960); however, KRS 342.185(1) clearly authorized the board to establish the procedural requirement of notice to the ALJ. Nothing in 803 KAR 25:011 Section 12 requires dismissal for failure to comply with the procedures contained in the regulation. Indeed no regulation appears to specify what, if any, sanction should be imposed for failure to comply.

The reasoning used by the court in *Milligan* is inapplicable here. KRS 342.285(3) provides that the board may remand the claim to the ALJ for further proceedings in conformity with its directions. Implicit in this statute is that the ALJ must accept the claim upon remand and carry out the board's directives. Thus, the ALJ is not an indispensable party to the proceeding before the board.

In light of the board's citation to *Milligan* and *Compton*, it appears that the board believed it did not have jurisdiction to consider the appellant's appeal. The failure to name the ALJ is not a jurisdictional defect. This case is remanded to the board for reconsideration of an appropriate sanction for failure to name the ALJ as a respondent in the notice of appeal.

All concur.