Mary A. HUTCHINS, Appellant

v.

GENERAL ELECTRIC COMPANY; and Hon. Lawrence F. Smith, Administrative Law Judge, Appellees.

No. 2005–SC–0627–WC.

Supreme Court of Kentucky.

April 20, 2006.

Robert M. Lindsay, Segal, Stewart, Cutler, Lindsay, Janes & Berry, Louisville, KY, Counsel for Appellant.

Judson F. Devlin, Fulton & Devlin, Louisville, KY, Counsel for Appellee, General Electric Company.

## OPINION OF THE COURT

The Workers' Compensation Board (Board) affirmed an Administrative Law Judge's (ALJ's) decision to dismiss the claimant's application for benefits based on a finding that the harmful changes she

alleged were not caused by a work-related injury. This appeal is taken from an order that dismissed the claimant's petition for review in the Court of Appeals on the ground that she failed to name the Board as an appellee as required by CR 76.25(4)(a). Having concluded that the function of CR 76.25(4)(a) is not to make the Board an indispensable party to a petition for review, we reverse and remand for a consideration of the merits.

The relevant facts in this appeal are few. When appealing the ALJ's decision to the Board, the claimant named not only her employer and the ALJ as appellees, she also named the Board. As a consequence, the Board's January 21, 2005, opinion not only affirmed the decision to dismiss the claim but also dismissed itself as a party to the appeal. On February 21, 2005, the claimant filed a petition for review in the Court of Appeals, naming only the employer and the ALJ as appellees. She served a copy of the petition on the "Commissioner" of the Office of Workers' Claims as well as on the named appellees. On March 1, 2005, she moved to amend the petition to name the Board as an appellee, serving both the employer and the Commissioner. The Court denied the motion as untimely and ordered her to show cause why the petition should not be dismissed for failure to name the Board as an appellee. The court determined subsequently that the Board was an indispensable party and dismissed the appeal.

█ The claimant asserts that all judicial decisions requiring the Board to be joined as a party to a workers' compensation appeal are based on KRS 342.285(1) as it existed prior to the adoption of the 1987 Act. She points out that the prior statute required the Board to be made a party to an appeal in circuit court but that it was amended effective January 4, 1988, at which time the requirement was eliminated together with the right of appeal to circuit court. The newly-created ALJs were the finders of fact, and regulations were adopted requiring the ALJ who rendered the decision from which an appeal was taken to be made party to an appeal to the Board. The claimant argues that under the post–1987 Act it is the ALJ who may be required to take certain actions on remand rather than the Board, and she urges that the policy of strict compliance with procedural rules concerning the filing of a petition for review be relaxed. Although our reasoning is different, we agree that the Board is not an indispensable party to an appeal from a decision of the Board to the Court of Appeals. *See* *First National Bank of Louisville v. Progressive Casualty Ins. Co.*, 517 S.W.2d 226 (Ky.1974) (appellate courts should resolve cases on their merits, aided but not necessarily restricted by the parties' arguments).

KRS 342.285 was amended effective January 4, 1988, and remains substantially the same today. KRS 342.285(1) designates the ALJ as the finder of fact in workers' compensation claims, grants the Board authority to review ALJ decisions, and no longer provides a right of appeal to circuit court. KRS 342.285(3) gives the Board explicit authority to affirm, modify, or set aside an ALJ's decision, to remand the matter for further proceedings consistent with its directions, or to remand a matter to an ALJ before reaching a decision. KRS 342.290 creates a right of appeal in the Court of Appeals regarding all matters reviewable by the Board and errors of law arising before the Board; however, it does not expressly require the Board to comply with the Court's directives. Nor does it require the Board to be made a party.

*Stahl v. Panarama Rest Care*, 788 S.W.2d 276, 277 (Ky.App.1990), is the only

decision on this matter under the post–1987 Act. In *Stahl,* the court determined that KRS 342.285(1) confers jurisdiction on the Board but does not require the ALJ to be named a party; however, KRS 342.285(3) implies a requirement that the ALJ must comply with the Board's directives. Citing *Johnson v. Correll,* 332 S.W.2d 843, 845 (Ky.1960), the court explained that although KRS 342.285(1) authorizes regulations to govern the prosecution of appeals to the Board, it would not authorize an administrative agency to impose additional requirements for invoking the Board's jurisdiction (such as requiring the ALJ to be named a respondent). It would, however, authorize a regulation requiring the ALJ to be served with notice of the appeal. Finally, the court observed that although 803 KAR 25:010, § 21 requires the ALJ to be named as a party in an appeal to the Board, it does not require an appeal to be dismissed for failure to do so.

As amended effective January 4, 1988, KRS 342.290 provides as follows:

> The decision of the board shall be subject to review by the Court of Appeals pursuant to Section 111 of the Kentucky Constitution and rules adopted by the Supreme Court. The scope of review by the Court of Appeals shall include all matters subject to review by the board and also errors of law arising before the board and made reviewable by the rules of the Supreme Court for review of decisions of an administrative agency.

The Supreme Court adopted SCR 1.030(3), which provides that final decisions of the Board are subject to review by the Court of Appeals under procedures set forth in the Rules of Civil Procedure. CR 76.25 states, in pertinent part, as follows:

> (1) General.
> Pursuant to Section 111(2) of the Kentucky Constitution and SCR 1.030(3), decisions of the Workers' Compensation Board shall be subject to direct review by the Court of Appeals in accordance with the procedures set out in this Rule.
> (2) Time for Petition.
> Within 30 days of the date upon which the Board enters its final decision pursuant to KRS 342.285(3) any party aggrieved by that decision may file a petition for review by the Court of Appeals and pay the filing fee required by CR 76.42(2)(a)(xi). *Failure to file the petition within the time allowed shall require dismissal of the petition.* (emphasis added).
>
> . . . .
>
> (4) Petition.
> The petition shall designate the parties as appellant(s) and appellee(s) and shall contain the following:
> (a) The name of each appellant and each appellee and the names and addresses of their respective counsel. *The appellant shall specifically designate as appellees all adverse parties and the Workers' Compensation Board.* (emphasis added).

■ Although KRS 342.290 creates a right of appeal in the Court of Appeals, it does not expressly require the Board to comply with the Court's directives or require it to be named a party. Nonetheless, we must presume that the legislature did not intend to create an absurdity by authorizing an appeal to the Court of Appeals while failing to require the Board to transmit the record or comply with the Court's orders and decisions. *See Overnite Transportation Co. v. Gaddis,* 793 S.W.2d 129, 131 (Ky.App.1990). For that reason, we conclude that KRS 342.285(3) and KRS 342.290 imply a legislative intent to require the Board to comply with the Court's orders and decisions.

■ The right to appeal the decision of an administrative agency to a court is a

matter of legislative grace; therefore, the statutory conditions for invoking the power of the court to hear such an appeal are strictly construed. *Kentucky Unemployment Insurance Commission v. Carter,* 689 S.W.2d 360 (Ky.1985); *Board of Adjustments of City of Richmond v. Flood,* 581 S.W.2d 1 (Ky.1978). Consistent with these principles, the "old" Board was considered to be an indispensable party whose presence was required in order to invoke the circuit court's power to consider a workers' compensation appeal under the pre–1987–Act version of KRS 342.285(1). *See Milligan v. Schenley Distillers, Inc.,* 584 S.W.2d 751 (Ky.App.1979); *Scott Brothers Logging and Lumber Co. v. Cobb,* 465 S.W.2d 241 (Ky.1971). The present versions of KRS 342.285(1) and KRS 342.290 do not require the Board to be made a party when appealing its decision to the Court of Appeals; therefore, the Board's presence is not indispensable to invoking the Court's jurisdiction over the matter.

█ It is within the inherent power of the courts to prescribe rules to regulate their proceedings and to facilitate the administration of justice, even without express authority from the constitution or a statute. *Kentucky Farm Bureau Mutual Insurance Co. v. Wright,* 136 S.W.3d 455 (Ky.2004), *citing Craft v. Commonwealth,* 343 S.W.2d 150, 151 (Ky.1961). Following the enactment of KRS 342.290, the Supreme Court adopted SCR 1.030(3) as well as CR 76.25(2), which designates a petition for review as being the procedural device for invoking the Court of Appeals' jurisdiction. Under the rule, the petition has attributes of both a notice of appeal and a brief. Although CR 76.25(4)(a) requires the petition to designate the Board as an appellee, the rule's function is not to make the Board an indispensable party but to require the appellant to serve the Board with a copy of the petition. The Court of Appeals erred in determining otherwise.

█ A policy of strict compliance governs the time within which an appellant must invoke the court's jurisdiction, naming all indispensable parties. CR 73.02; *Johnson v. Smith,* 885 S.W.2d 944, 950 (Ky.1994); *City of Devondale v. Stallings,* 795 S.W.2d 954 (Ky.1990). CR 76.25, like CR 73.02, embodies a policy choice that a tardy petition for review is subject to automatic dismissal and cannot be saved through application of the doctrine of substantial compliance. *See Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.,* 37 S.W.3d 713 (Ky.2000). However, the present case does not involve a tardy petition for review. Within 30 days after the Board affirmed a decision that denied the claimant's application for benefits, she filed a petition for review in the Court of Appeals, naming her employer and the ALJ as appellees and serving a copy of the petition on the Office of Workers' Claims. Her unopposed motion to name the Board as an appellee was filed slightly more than a week after the time for taking an appeal expired. Under the circumstances, dismissal was an unwarranted sanction.

The decision of the Court of Appeals is reversed, and this matter is remanded for further proceedings that are consistent with this opinion.

LAMBERT, C.J., and GRAVES, JOHNSTONE, SCOTT and WINTERSHEIMER, JJ., concur.

ROACH, J., dissents by separate opinion in which COOPER, J., joins.

Dissenting Opinion by Justice ROACH.

Because I believe that this Court should follow its own rules until they are amended pursuant to CR 87, I dissent. *See Robertson v. Commonwealth,* 177 S.W.3d 789, 791

**338**

(Ky.2005) ("We are reluctant to *carte blanche* amend our rules without following the formal procedures established for such amendments. CR 87.").

CR 76.25 sets forth the applicable rules for the review of Workers' Compensation Board (the "Board") decisions. CR 76.25(1) states that "decisions of the Workers' Compensation Board shall be subject to direct review by the Court of Appeals in accordance with the procedures set out in this Rule." CR 76.25(4)(a) states:

> The petition shall designate the parties as appellant(s) and appellee(s) and shall contain the following:
>
> (a) The name of each appellant and each appellee and the names and addresses of their respective counsel. The appellant shall specifically designate as appellees all adverse parties and the Workers' Compensation Board.

Quite frankly, the majority's holding that the Board is not an indispensable party because KRS 342.285(1) and KRS 342.290 do not require the Board to be named in an appeal misses the mark. Whether these statutes require the Board to be named is not the issue. CR 76.25(4)(a) expressly requires that an appellant designate the Workers' Compensation Board as an appellee. It is beyond me how we can simply ignore the clear dictates of our very own rule. The majority claims that the rule can be ignored because the "apparent function of the rule is to require the appellant to serve the Board with a copy of the petition." CR 76.25(4)(a) does not say or suggest this "apparent function"; rather, it says that the Board *shall* be designated as an appellee. Whatever the "apparent function" of the rule may be or may not be, I do not believe that unequivocal language in a rule should be ignored. If we wish to amend CR 76.25(4)(a), let us amend the rule in accordance with CR 87. Until we do so, I am not willing to conclude that the Court of Appeals abused its discretion when it enforced our own rules of procedure. Therefore, I respectfully dissent.

COOPER, J., joins this dissenting opinion.