**David BELSITO, Appellant,**

v.

**U–HAUL COMPANY OF KENTUCKY; Honorable James L. Kerr, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2009–SC–000550–WC.

Supreme Court of Kentucky.

June 17, 2010.

Wayne C. Daub, Louisville, KY, Counsel for Appellant, David Belsito.

Barry Lewis, Lewis and Lewis Law Offices, Hazard, KY, Counsel for Appellee, U–Haul Company of Kentucky.

## OPINION OF THE COURT

The Court of Appeals dismissed David Belsito's petition for review of a decision of the Workers' Compensation Board (Board) on the ground that he violated CR 76.25(8) by failing to serve the Board with a copy of the petition.

Belsito asserts on appeal that the decision was "overly harsh, inappropriate" and failed to comply with the policy of substantial compliance.[1]

We affirm. Belsito failed to comply with CR 76.25(8) which required him to serve the Board with a copy of the petition for review "[b]efore filing." The Court of Appeals filed his petition improperly but did not err by dismissing the appeal because he failed to file a timely petition for review that complied with CR 76.25.[2]

The Board rendered a decision in Belsito's appeal of an unfavorable decision by an Administrative Law Judge on February 27, 2009. On March 23, 2009 the Clerk of the Court of Appeals filed Belsito's petition for review although it failed to comply with CR 76.25 by naming the Board as a

---

1. *Smith v. Goodyear Tire and Rubber Company,* 772 S.W.2d 640 (Ky.App.1989).

2. We note that this appeal is taken from an opinion and order that dismissed the petition for review based on a procedural defect rather than on the merits of the Board's decision. An argument could be made that a motion for discretionary review is the proper vehicle for seeking review in this court.

party or by certifying that the Board had been served with a copy of the petition. The defendant's response to the petition included both a defense on the merits and an argument that the appeal must be dismissed due to the procedural defects.

Belsito's failure to comply with CR 76.25 precluded the Court of Appeals from exercising jurisdiction over the merits of his appeal. As the Court of Appeals pointed out, an appeal brought by grant of a statute is subject to strict compliance with the statute's dictates.[3] The appellate court's jurisdiction is not properly invoked unless the party seeking to do so meets the conditions precedent to the appellate court's exercise of jurisdiction.[4] KRS 342.290 subjects the Court of Appeals' review of the Board's decisions to the rules of the Supreme Court. Belsito failed to comply with those rules.

SCR 1.030(3) provides that final decisions of the Board are subject to review by the Court of Appeals under procedures set forth in the Rules of Civil Procedure. CR 76.25 states, in pertinent part, as follows:

(1) General.

Pursuant to Section 111(2) of the Kentucky Constitution and SCR 1.030(3), decisions of the Workers' Compensation Board shall be subject to direct review by the Court of Appeals in accordance with the procedures set out in this Rule.

(2) Time for Petition.

Within 30 days of the date upon which the Board enters its final decision pursuant to KRS 342.285(3) any party aggrieved by that decision may file a petition for review by the Court of Appeals and pay the filing fee required by CR 76.42(2)(a)(xi). *Failure to file the petition within the time allowed shall re-*

*quire dismissal of the petition.* (emphasis added).

. . . .

(4) Petition.

The petition shall designate the parties as appellant(s) and appellee(s) and shall contain the following:

(a) The name of each appellant and each appellee and the names and addresses of their respective counsel. The appellant shall specifically designate as appellees all adverse parties and the Workers' Compensation Board.

. . . .

(8) Service of Petition and Response.

Before filing, a copy of the petition and any response shall be served on counsel of record, or on any party not represented by counsel, and on the Workers' Compensation Board. Such service shall be shown by certificate on the petition or response when filed in the Court of Appeals pursuant to CR 5.02 and CR 5.03.

In *Hutchins v. General Electric Company*[5] a worker failed to name the Board as a party to her petition for review but served a copy of the petition on the Commissioner of the Office of Workers' Claims as well as on the employer and ALJ, who were named appellees. Having realized her error in failing to name the Board as an appellee shortly after the time expired for filing a timely petition, she moved to amend the petition to do so and served a copy on both the Board and the Commissioner. The Court of Appeals held that the Board was an indispensable party under CR 76.25(4)(a) and dismissed the petition because the Board was not named within the time for filing a petition. Hutchins appealed.

---

**3.** *Board of Adjustments of the City of Richmond v. Flood,* 581 S.W.2d 1 (Ky.1978).

**4.** *Id.*

**5.** 190 S.W.3d 333 (Ky.2006).

The sole question presented on appeal was whether the Board was an indispensable party to the petition for review. Our predecessor court determined that it was not. The court reasoned that the post–1988 versions of KRS 342.285(3) and KRS 342.290 implied a legislative intent to require the Board to comply with the Court of Appeals' orders and decisions. Although CR 76.25(4)(a) requires a petition for review to designate the Board as a party, the court determined that the rule did not make the Board an indispensable party but that its function was to require the petitioner to serve the Board with a copy of the petition. Thus, the Court of Appeals erred by dismissing Hutchins' petition on the ground that she failed to name an indispensable party.

█ *Hutchins* does not dispose of the present facts because the Court of Appeals dismissed Belsito's petition for a failure to comply with CR 76.25(8) as well as with CR 76.25(4)(a). Belsito failed to serve the Board with a copy of the petition and to certify service "[b]efore filing" the petition. CR 76.25(8) clearly makes certification of service a prerequisite to filing. Not only did the Clerk of the Court of Appeals err by filing the defective petition, Belsito failed to file a petition that did comply with CR 76.25 within the time for taking an appeal. "CR 76.25, like CR 73.02, embodies a policy choice that a tardy petition for review is subject to automatic dismissal and cannot be saved through application of the doctrine of substantial compliance."[6]

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

6. *Hutchins, Id.* at 337.