RENDERED: DECEMBER 5, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0938-MR


PROFESSIONAL LEARNING
INSTITUTE, LLC                                                    APPELLANT


|  | APPEAL FROM JEFFERSON CIRCUIT COURT |
| v. | HONORABLE MITCHELL PERRY, JUDGE |
|  | ACTION NO. 23-CI-007701 |


COMMONWEALTH OF KENTUCKY,
KENTUCKY REAL ESTATE
AUTHORITY AND KENTUCKY
BOARD OF HOME INSPECTORS                          APPELLEES


OPINION
VACATING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN,
JUDGES.

MOYNAHAN, JUDGE: The Appellant, Professional Learning Institute ("PLI"),

is a training school that offers prelicensing courses to candidates for home

inspector licensure as well as continuing education ("CE") courses for home

inspectors. The Appellees, the Kentucky Board of Home Inspectors ("KBHI") and the Kentucky Real Estate Authority ("KREA") contend their authority over nearly every aspect of home inspection licensure – including education – is firmly established by statute and associated administrative regulations. The underlying dispute between them arose from a series of prelicensing and CE courses tendered by PLI to KBHI that the former is alleged to have conducted without KBHI's approval. An investigation by KBHI resulted in discipline that PLI continues to challenge through this appeal. Because we find that both the Hearing Officer and the Jefferson Circuit Court incorrectly extended the scope of KBHI's statutory authority, we vacate the Final Opinion and Order of the Jefferson Circuit Court, set aside the Hearing Officer's Final Order, and dismiss the disciplinary action taken by KBHI and KREA against PLI in accordance with this Opinion.

## BACKGROUND

### *KBHI & KREA*

KBHI came into existence in 2004 and the Board's enabling statute is found in KRS 198B.704. The legislative history for KRS 198B.704 shows it was amended multiple times between 2006 and 2011, before being repealed and reenacted in 2017. KREA was created in 2017 and codified at KRS 324B.050. Both parties agree that KREA is authorized by statute to review orders from KBHI, in the exercise of the latter's regulatory activities.

The regulations promulgated by KBHI are in Chapter 2 of Title 831 of the Kentucky Administrative Regulations ("KAR"). KAR Chapter 2 is entitled, "Kentucky Board of Home Inspectors" and consists of 831 KAR 2:001, 2:020, 2:030, and 2:040. Respectively, these chapters relate to (1) definitions; (2) licensing requirements; (3) standards of conduct, complaints, and discipline; and (4) education and testing requirements of providers.

### PLI & KCPE

PLI is a training school that offers prelicensing courses to candidates for home inspector licensure as well continuing education courses for those already licensed. The Kentucky Commission on Proprietary Education ("KCPE") licenses and regulates private companies and organizations that operate proprietary schools.[1] Based on the services it provides, PLI is licensed by KCPE. Part of KCPE's enabling statute, codified at KRS 165A.370(1)(a)-(q), establishes a multitude of "minimum standards and requirements" for proprietary schools.

### The Dispute

PLI's approval as a provider and for its prelicensing and continuing education courses expired on September 18, 2020. Earlier in 2020, PLI had

---

[1] KRS 165A.310(12) defines a "proprietary school," in relevant part, as "a privately owned educational institution, establishment, agency, organization, or person maintained on either a for-profit or not-for-profit basis, offering or administering a plan, course, or program of instruction in business, trade, technical, industrial, or related areas for which a fee or tuition is charged whether conducted in person, by mail, or by any other method . . . ."

-3-

submitted course and provider applications, but KBHI determined those to be incomplete and deficient. On September 29, 2020, KBHI deferred a decision on PLI's pending applications, citing a need to wait until the proper materials and information were submitted. Notably, KBHI authorized its administrator to approve the applications once PLI submitted the missing materials and information. On October 2, 2020, PLI was notified of these deferrals. Several weeks later PLI received a letter from the KREA's General Counsel, dated November 5, 2020, regarding missing materials from its applications to KBHI. During this same time, PLI continued to offer training, including its Pre-license Home Inspector Training course twice – in October and November 2020. Additionally, PLI offered eight CE training courses from October 2020 to January 2021. Although approvals were granted to PLI for its courses in January 2021, it was after the above courses had been advertised on PLI's website and completed. Although the record references a cease-and-desist letter, possibly sent from KBHI to PLI near the end of 2020, it is unclear exactly when, or even if, such a letter was sent.[2] Ultimately, on July 7, 2021, KBHI issued a Notice of Disciplinary Action under 831 KAR 2:040 Sec. (10)(3), and PLI filed a "hearing request" with KBHI a week later.

---

[2] The case record has significant gaps, including the initial phase of the dispute as well as whether and when an administrative hearing was conducted by the Hearing Officer.

-4-

*Hearing Officer's Recommended Order*

Eventually, a Hearing Officer, on August 29, 2023, found PLI had committed four regulatory violations. First, it ruled that based on admissions and exhibits in the administrative proceeding, PLI violated 831 KAR 2:040 Sec. (9)(1) when it advertised on its website its prelicensing and continuing education courses as approved, when they were in fact not approved due to incomplete renewal applications. Second, the Hearing Officer found PLI violated 831 KAR 2:040 Sec. (10)(2)(b) "when it failed to timely provide complete information in its registration materials – i.e., its course and provider approval applications." Third, it found PLI violated 831 KAR 2:040 Sec. (10)(2)(d) when it failed to provide certain required materials and information related to its course and provider applications upon request. Last, the Hearing Officer found PLI violated 831 KAR 2:040 Sec. (10)(2)(f) when it failed to comply with duties established under 831 KAR 2:040 Sec. (2)-(4): "to obtain provider, pre-license course, and continuing education course approvals prior to offering or conducting the courses . . . ."

Switching to legal conclusions, the Hearing Officer found that KRS 198B.206(4) [*sic*][3] grants KBHI authority to investigate and act in response to complaints concerning licensees, or persons the Board has reason to believe are

---

[3] This Court takes judicial notice that the Hearing Officer Order is meant to reference KRS 198B.706(4), as 198B.206(4) does not exist, and KRS 198B.706(4) includes the wording cited by the Hearing Officer.

licensees, including complaints concerning failure to comply with KRS 198B.700 to 198B.738 or administrative regulations promulgated under KRS 198B.700 to 198B.738. The Hearing Officer also found KBHI's regulations on continuing education courses were authorized in KRS 198B.724, where the statute directs KBHI to "[e]stablish procedures for approving organizations that provide continuing education; and [p]rescribe the content, duration, and organization of continuing education courses that contribute to the competence of home inspectors."

Next, the Hearing Officer found that KRS 198B.728(1) required KBHI to take disciplinary actions against or impose sanctions on a licensee[4] for failing to comply with any provision of KRS 198B.700 to 198B.738 or any administrative regulations promulgated to carry out KRS 198B.700 to 198B.738. In short, the Hearing Officer concluded KBHI had authority to conduct proceedings against providers of continuing education and that it was authorized to initiate investigations as part of its oversight of those providers. Ultimately, the Hearing Officer recommended a sanction involving a thirty (30) day suspension of PLI followed by a four (4) year probation of its registration as a KBHI-approved

---

[4] Notably, the Hearing Officer gave no explanation for how PLI qualified as a licensee in the context of any of KBHI's governing statutes.

education provider. The Recommended Order of the Hearing Officer was entered on August 29, 2023.

*KBHI's Recommended Order*

KBHI conducted the next level of review by issuing a "Recommended Order" at its September 26, 2023, meeting, subsequently emailed to PLI on October 9, 2023. In its order, KBHI adopted the Recommended Order of the Hearing Officer pursuant to KRS 13B.120(2) and submitted the entire matter to KREA for a Final Order pursuant to KRS 198B.728(2), KRS 13B.120(7), and KRS 324B.060(4).

*KREA Acting Executive Director's Final Order*

KREA issued its Acting Executive Director's Findings of Fact, Conclusions of Law, and Final Order on November 13, 2023, and served it on the parties via email on November 14, 2023. KREA's Final Order was signed by Acting Executive Director Kristen R. Lawson. The KREA Final Order fully adopted the findings of fact and conclusions of law from KBHI's Recommended Order.

*PLI's KRS Chapter 13B Appeal of KREA's Final Order*

Pursuant to KRS Chapter 13B, PLI filed an appeal seeking relief in Jefferson Circuit Court on December 14, 2023 (hereafter, the "KRS 13B Petition"). In its KRS 13B Petition, PLI raised numerous counts, including among others,

"Unlawful Investigation, Unlawful Discipline and Sanctions, Unlawful Claimed Jurisdiction Over Pre-Licensing Schools, Unlawful Retaliation, Harassment, and Tortious Interference with PLI Contracts." As part of the Circuit Court record, KREA provided a copy of KBHI's Pre-License Course Provider List (updated November 28, 2023). Relevant here, the list of current course providers shows a course titled, "ADVANCE – Professional Learning Institute *(approval suspended November 14, 2023 – December 14, 2023)*." The record also contained a copy of KBHI's Continuing Education Course List, which listed a number of course titles under the provider, "ADVANCE – Professional Learning Institute (PLI)." Twenty-two (22) courses were listed under the PLI provider label, but each course title was appended with the phrase: "provider approval suspended 11/14/23 – 12/14/23."

After conducting a hearing on PLI's 13B petition, the Jefferson Circuit Court entered an Opinion and Order on July 2, 2024. In granting KREA's Motion to Dismiss, the Circuit Court reasoned that PLI had only raised generalized complaints about the administrative process. Focusing on the factual allegations against PLI, the Circuit Court summarized that it found no sufficient evidence to overturn the decision of the administrative agency, and further noted that PLI received due process, notice of the allegations it faced, and an opportunity to be heard. The Circuit Court further reasoned that it could not second guess the

agency decision, "without clear cause that the agency decision was arbitrary and unsupported by substantial evidence."

Regarding KBHI's statutory authority, the Circuit Court concluded that:

> if an agency or governmental entity requires continuing professional education, it follows logically that it has the requisite authority to regulate not only the content of what is being taught in those classes, but also the organizations that are providing the courses.

In so reasoning, the Circuit Court rejected PLI's assertion that KBHI lacked the statutory authority to regulate home inspection education providers in the same manner as home inspector licensees. Ultimately, the Circuit Court granted KBHI's motion to dismiss, and this appeal followed.[5]

## STANDARD OF REVIEW

"Whether a public agency exceeded its statutory authority is a question of law subject to *de novo* review." *Harrison Silvergrove Prop., LLC v. Campbell Cnty. & Mun. Bd. of Adjustment*, 492 S.W.3d 908, 912 (Ky. App. 2016).

---

[5] In PLI's Designation of Record, filed September 23, 2024, it requested the Circuit Court Clerk include "the original record, including all pleadings, orders and CD/DVD Recordings, if any." Noticeably, the Certification of Record on Appeal did not include the entire administrative record, just the record from the Circuit Court. With the lack of a complete record from the administrative proceeding, several of PLI's administrative process claims are waived (*e.g.*, that PLI was not given a hearing to take testimony in the administrative proceeding; that cease-and-desist letters were impermissibly sent; and that KREA's general counsel's letter, dated November 5, 2020, was proof of an impermissible board interpretation regarding the regulatory term "curriculum").

"Judicial review of an administrative decision is concerned with whether the action of the agency was arbitrary." *Baesler v. Lexington-Fayette Urban Cnty. Government*, 237 S.W.3d 209, 212 (Ky. App. 2007); *see also American Beauty Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n*, 379 S.W.2d 450, 456 (Ky. 1964). There are three grounds for a reviewing court to find that an agency's decision was arbitrary: "(1) the agency acted in excess of its statutory powers, (2) the agency did not afford procedural due process, and (3) the agency's decision was not supported by substantial evidence." *Baesler*, 237 S.W.3d at 212 (citation omitted). "It is well-established that rules or regulations of an administrative agency must be within the limitations of the law for the enforcement of which they are provided and must be reasonable. . . . The validity of a rule or regulation depends upon whether the administrative agency was empowered to adopt the particular rule and, if so, whether the rule, is reasonable[.]" *Laurel Mountain Resources, LLC v. Commonwealth, Energy and Environment Cabinet*, 360 S.W.3d 791, 799-800 (Ky. App. 2012) (internal quotation marks omitted and citation).

## ANALYSIS

A threshold matter and the gravamen of PLI's appeal concerns whether KBHI's enforcement actions and sanctions are within the bounds of the latter's statutory authority. This appears to be a case of first impression regarding

-10-

the degree to which KBHI's "duties and powers" – as authorized by KRS 198B.706 – allow it to investigate and discipline educational organizations as non-licensees.

It is well-settled that an administrative agency may promulgate administrative regulations. *Henry v. Parrish*, 211 S.W.2d 418, 421 (Ky. 1948). Those regulations, however, "are valid only as subordinate rules when found to be within the framework of the policy defined by the legislation" as an administrative agency's authority "is limited to a direct implementation of the functions assigned to the agency by the statute." *Flying J Travel Plaza v. Commonwealth, Transportation Cabinet, Department of Highways*, 928 S.W.2d 344, 347 (Ky. 1996). "Any doubts concerning the existence or extent of an administrative agency's power should be resolved against the agency." *United Sign, Ltd. v. Commonwealth*, 44 S.W.3d 794, 798 (Ky. App. 2000) (citing *Henry*, 211 S.W.2d at 422).

*Construing the Home Inspector Statutes*

Home inspectors in Kentucky are statutorily governed by KRS Chapter 198B.700 to 198B.738 ("the home inspector statutes"). Under KRS 198B.700(7), a licensee means a person who performs home inspections and who is licensed under KRS 198B.700 to 198B.738 as a home inspector. The duties and powers of KBHI are enumerated in KRS 198B.706. Relevant to the case at bar,

KRS 198B.706(1)(a) mandates that KBHI shall, through the promulgation of administrative regulations, determine the requirements for and prescribe the form of licenses, applications, and other documents that are required by KRS 198B.700 to 198B.738. Further, KRS 198B.706(2) requires KBHI to grant, deny, suspend, and revoke approval of examinations and courses of study regarding home inspections. Under KRS 198B.712(3)(c), home inspector applicants must complete a KBHI-approved training program or course of study involving the performance of home inspections and pass an examination approved by the Board. Other relevant portions of the home inspector statutes include the continuing education requirements spelled out in KRS 198B.724. Specifically, KRS 198B.724(1)(a) mandates that KBHI, in its promulgation of administrative regulations relating to continuing education requirements for renewal of a home inspector license, establish procedures for approving organizations that provide continuing education. Similarly, KRS 198B.724(1)(b) requires KBHI to promulgate administrative regulations that prescribe the content, duration, and organization of continuing education courses that contribute to the competence of home inspectors.

The home inspector statute governing disciplinary measures – KRS 198B.728(1) – mandates that KBHI act against or impose sanctions on *licensees* who fail to comply with any provision within KRS 198B.700 to 198B.738 or any

administrative regulations promulgated to carry out the chapter. This same statute makes no reference to the power or authority by KBHI to discipline or sanction an education provider. This is a highly pertinent fact because "a primary rule of statutory construction" holds "that the enumeration of particular things excludes ideas of something else not mentioned." *Lewis v. Jackson Energy Co-op. Corp.*, 189 S.W.3d 87, 91 (Ky. 2005). Put another way, "[p]owers not conferred are just as plainly prohibited as those which are expressly forbidden." *Johnson v. Correll*, 332 S.W.2d 843, 845 (Ky. 1960), *superseded by statute as stated in Hutchins v. General Electric Co.*, 190 S.W.3d 333 (Ky. 2006). And when powers are delineated in a specific manner, "there is an implied restriction upon the exercise of those powers in excess of the grant." *Id.* Notably, when KRS 198B.706 references KBHI's investigatory powers – it limits them to probing into "complaints concerning *licensees*, or persons the board has reason to believe should be *licensees* . . . ." KRS 198B.706(4) (emphasis added).

As one might suspect, KBHI's governing statutes generally focus on regulating home inspector *licensees* – or persons the Board has reason to believe should be licensees. Those same statutes implicate education providers, such as PLI, in a more limited fashion. As described above, KBHI has a prescribed direct role for approving examinations and courses of study for initial home inspection

-13-

license applicants and for approving organizations that can provide home inspector continuing education.

*The Home Inspector and Education Provider Regulatory Regime*

As noted above, the regulatory regime governing KBHI is contained within 831 KAR 2:001 to 831 KAR 2:040. Many of the key terms relevant to this action are defined in 831 KAR 2:001. First, 831 KAR 2:001 Sec. (1)(5) defines a prelicensing course provider as a person or legal entity approved by the Board to conduct prelicensing courses in home inspection. 831 KAR 2:001 Sec. (1)(6) defines a probationee as a licensee, prelicensing course provider, or continuing education provider placed on probation by KBHI. 831 KAR 2:001 Sec. (1)(7) defines a provider as a person or legal entity approved by the Board to provide prelicense or continuing education in home inspections.

Moving beyond the regulatory terms, 831 KAR 2:020 Sec. (1)(c)(1) requires applicants for an initial home inspector license to have a certificate of course completion from a prelicensing course provider approved by the Board in accordance with 831 KAR 2:040. 831 KAR 2:030 pertains to "Standards of conduct, complaints, and discipline." In that regulation's section on necessity, function and conformity, KRS 198B.706(4) is cited as requiring KBHI to investigate complaints concerning licensees, or persons the Board has reason to believe should be licensees, including complaints concerning failure to comply

-14-

with KRS Chapter 198B or 831 KAR Chapter 2. 831 KAR 2:030 Sec. (6) deals with KBHI complaints and provides they may be initiated by the Board, an individual, an entity, or a governmental agency. 831 KAR 2:030 Sec. (9)(1)(a) requires that if KBHI finds a prima facie violation of KRS 198B.700 to 198B.738 or 831 KAR Chapter 2 in accordance with 831 KAR 2:030 Sec. (6), the Board shall issue either written notice of disciplinary action to the licensee, or initiate any remedy permitted by KRS 198B.700 to KRS 198B.738 against an unlicensed individual. The remaining portions of 831 KAR 2:030 Sec. (9) are replete with references to licensees in the complaint process, and do not once reference prelicense course or continuing education course providers.

The most important regulation impacted by this case is 831 KAR 2:040, which relates to education providers and how they might be disciplined. The regulation's section on necessity, function, and conformity states that KRS 198B.706(15) requires KBHI to promulgate administrative regulations to carry out the effective administration and requirements of KRS 198B.700 to KRS 198B.738. KRS 198B.712(3)(c) was cited for the requirement that an applicant finish a KBHI-approved course of study prior to seeking licensure. Upon these statutory bases, 831 KAR 2:040 establishes procedures for obtaining Board approval to be a prelicensing or continuing education provider, and the criteria needed for approval of specific prelicense and continuing education courses.

-15-

Relevant to the case at bar, 831 KAR 2:040 Sec. (2) pertains to "Education Provider Approval."  831 KAR 2:040 Sec. (2)(1) covers the application materials required for prelicensing course providers, including a copy of the provider's license with KCPE.  Additionally, 831 KAR 2:040 Sec. (2)(1) mandates that applicants for approval as a prelicense course provider submit a completed Application for Pre-Licensing Course Provider, a $500 nonrefundable application fee, a syllabus, a list of course instructors and copies of their curriculum vitae, a copy of all material used to advertise the courses, and a sample of the official transcript.  831 KAR 2:040 Sec. (2)(2) pertains to the materials an applicant must submit for approval as a continuing education course provider, which include a completed Application for Continuing Education Course Provider and a $500 nonrefundable fee.

Under KAR 2:040 Sec. (2)(4), a provider's approval expires every two years.  The timeline for a provider to resubmit the application and fee required for initial approval is no later than forty-five days prior to the date of expiration. 831 KAR 2:040 Sec. (3) governs the approval of prelicensing courses, while 831 KAR 2:040 Sec. (4) covers the approval of continuing education courses.  831 KAR 2:040 Sec. (4)(1) details the materials a continuing education provider must submit to KBHI:  a completed Application for Continuing Education Course, an official course curriculum and description, a copy of the course agenda, the

number of continuing education hours requested, a list of all course instructors and copies of their current curriculum vitae, and an official certificate of completion.

Under 831 KAR 2:040 Sec. (4)(6), approvals for prelicensing and continuing education courses are valid for two (2) years from the date of issue if no substantial change is made in the course and KBHI has not imposed discipline upon the provider or its instructors. Under 831 KAR 2:040 Sec. (9)(1), which PLI is alleged to have violated, "A provider shall not advertise a course as approved until the approval is granted by the [B]oard."

831 KAR 2:040 Sec. (10) pertains to complaints and disciplinary action against a prelicensing provider or continuing education provider. Under 831 KAR 2:040 Sec. (10)(2), KBHI may deny, suspend, probate, or revoke the registration of any prelicensing course provider or continuing educational provider for: obtaining or attempting to obtain registration or approval through fraud, deceit, false statement, or misrepresentation; failing to timely provide complete and accurate information in registration materials; falsifying any records, including attendance, regarding courses conducted; failing to maintain, or provide to the Board upon request, any required records regarding courses; failing to take attendance at any approved course; or failing to comply with any other duty established for providers in this administrative regulation.

*Impact of KCPE's Statutory Authority*

The reach of KBHI's regulations must be examined within the framework of the authority vested by the legislature in KCPE. *See Lewis*, 189 S.W.3d at 92 ("[A] statute must be read as a whole and in context with other parts of the law."). KCPE's statutes are contained within KRS 165A.310 to KRS 165A.450. As defined in KRS 165A.310(12), PLI meets the definition of a "proprietary school" and it was undisputed that PLI was licensed by and subject to KCPE's statutes and regulations. KRS 165A.330(1). Pursuant to KRS 165A.340(6)(a), KCPE promulgated administrative regulations that establish a variety of procedures and school requirements. For instance, KRS 165A.340(6)(a)4. requires KCPE to promulgate regulations about "[a]dvertising requirements for schools issued a license, including no distribution of materials containing untrue, deceptive, or misleading statements . . . ." Additionally, KRS 165A.340(6)(a)5. requires KCPE to issue regulations about "[a] schedule for reviewing advertisements and recruitment materials and practices of member institutions to ensure compliance with this chapter . . . ."

Importantly, KRS 165A.340(10) gives enforcement authority to KCPE, providing that, "[t]he commission shall administer and enforce the provisions of this chapter pertaining to the conduct, operation, maintenance, and establishment of proprietary-education institutions, and the activities of agents

-18-

thereof when acting as such." This includes the establishment of a complaint committee which reviews each formal complaint and, upon sufficient evidence of statutory or regulatory violations, makes recommendations for appropriate sanctions. KRS 165A.340(12). Further, pursuant to KRS 165A.410, the Attorney General may bring, at KCPE's request or his own motion, an appropriate action in circuit court for the enforcement of these statutory provisions. Other provisions found in KRS 165A.350 and 165A.360 establish provisions for surety bonds to provide indemnification to any student or enrollee who enrolls in a course of instruction due to fraud or misrepresentation by a proprietary school. Finally, pursuant to KRS 165A.370, proprietary schools must adhere to minimum standards on multiple fronts to maintain their licenses, including a prohibition on "advertising of any type which is untrue, deceptive, or misleading . . . ." KRS 165A.370(1)(m).

*KBHI's Statutory Limitation*

Based on a plain language reading, we find that the scope of KBHI's complaint process is statutorily confined to licensed home inspectors or those whom the Board has reason to believe should be licensees. KRS 198B.706(4). As a non-licensee – that does not perform home inspections – PLI falls outside KRS 198B.706's provisions which limit KBHI's jurisdiction over complaints and disciplinary action to licensees.

-19-

KRS 198B.706(4) authorizes KBHI to investigate complaints concerning only licensees, or persons the Board has reason to believe should be licensees. Although KBHI appears to place considerable weight on the latter portion of the subsection[6] – in an attempt to expand its jurisdictional scope to initiate and investigate complaints of any of its regulatory violations – we find that argument unavailing. Our interpretation is buttressed by other statutory provisions in the chapter. For example, KRS 198B.706(12) limits the applicability of KBHI's disciplinary powers to licensees and KRS 198B.728 straightforwardly authorizes KBHI to only take disciplinary action against or impose sanctions on licensees. For this reason, we find that KBHI's actions launching a complaint against PLI and eventually levying discipline exceeded its statutory authority.

Turning to the specific KBHI disciplinary regulation at issue, 831 KAR 2:040 Sec. (10) ("Complaints and Disciplinary Action Against a Prelicensing Provider or Continuing Educational Provider"), we review its provisions in turn. First, 831 KAR 2:040 Sec. (10)(1), which provides how a complaint is initiated against an approved provider, exceeds the statutory authority in KRS 198B.706(4) because that statute limits KBHI's investigation authority to complaints concerning

_____

[6] KRS 198B.706(4) empowers KBHI to "[i]nvestigate complaints concerning licensees, or persons the board has reason to believe should be licensees, including complaints concerning failure to comply with KRS 198B.700 to 198B.738 or administrative regulations promulgated under KRS 198B.700 to 198B.738, and, when appropriate, take action in accordance with KRS 198B.728 and 198B.730 . . . ."

licensees, or persons the Board has reason to believe should be licensees. However, 831 KAR 2:040 Sec. (10)(2), which allows KBHI to grant, deny, suspend, probate, or revoke the registration of any provider of courses for prelicensing or continuing education, is compliant with KRS 198B.724 with respect to regulating educational providers, and is substantially compliant with KRS 198B.706(2), which expressly authorizes KBHI to grant, deny, suspend, and revoke approval of courses of study. "Courses of study" is a more expansive term than solely designating continuing education, so it is reasonable for KBHI to interpret this statutory term in 831 KAR 2:040 Sec. (2) and (3), as well as in 831 KAR 2:040 Sec. (10)(2), as inclusive of prelicensing education providers and courses. Yet, KRS 198B.706(2) does not use the term "probate," so KBHI lacks the authority to probate a provider's approval and that term as it is used in 831 KAR 2:040 Sec. (10)(2) is stricken. The remainder of Sec. (10)(2), however, allowing KBHI to deny, suspend, or revoke provider registrations is valid and upheld as a reasonable exercise of delegated statutory authority in accordance with the *Laurel Mountain* standard. Relatedly, the definition of a probationee found in 831 KAR 2:001 Sec. (1)(6) that includes prelicensing and continuing education course providers exceeds the statutory authority in KRS 198B.706(4) and (12). Thus, continuing education and prelicensing course providers are stricken from the 831 KAR 2:001 Sec. (1)(6) definition of a probationee, but the provision may stand

-21-

with respect to a licensee. Finally, while we agree that the restrictions on providers set out in 831 KAR 2:040 Sec. (10)(2)(b), (d), and (f), are valid regulations enabled by KRS 198B.706(2) and 198B.724 – the enforcement of those provisions by KBHI is limited to denying, revoking or suspending the offending provider.

The next relevant regulatory provision, 831 KAR 2:040 Sec. (10)(3), details the procedure KBHI must follow in issuing a written notice of disciplinary action to a prelicensing course or continuing education provider. While that regulatory provision is compliant with KRS 198B.730(1), it exceeds the statutory scope of KRS 198B.728, which limits KBHI's disciplinary actions to licensees. Consequently, 831 KAR 2:040 Sec. (10)(3) is stricken as invalid. Lastly, 831 KAR 2:040 Sec. (9)(1) is compliant with KBHI's enabling statutes as KRS 198B.706(2) specifically authorizes the Board to grant, deny, suspend, and revoke approval of home inspector courses of study and KRS 198B.712(3)(c) gives credit to license applicants only for completing KBHI-approved courses of study.

*KBHI's Revised Regulatory Authority and KCPE's Enforcement Role*

As analyzed above, 831 KAR 2:040 Sec. (10)(2) is generally compliant with KRS 198B.724 and KRS 198B.706(2), except for the regulatory provision allowing KBHI to probate a provider's registration. Here, in addition to its alleged 831 KAR 2:040 Sec. (9)(1) violation, PLI was charged with violating 831 KAR 2:040 Sec. (10)(2)(b), (d), and (f), and received a thirty (30) day

suspension as well as four years of probation. However, even assuming PLI committed all four regulatory violations as alleged, KBHI's enabling statutes do not give it authority to investigate education providers, subject them to the complaint process, and levy discipline against them. It was erroneous for the Hearing Officer to determine that KBHI had this authority.

Because KBHI exceeded its statutory authority when it probated a provider and issued a written reprimand (*i.e.*, the appended phrase on KBHI's website labeling PLI as having been suspended) on its list of course providers and offerings, the underlying KBHI actions in disciplining PLI were arbitrary. It was also an erroneous application of law for the Circuit Court to dismiss PLI's appeal on the basis of the adopted legal analysis of the Hearing Officer. Therefore, all provisions of the regulatory chapter (831 KAR Section (2)), including 831 KAR 2:040 Sec. (10)(1) and (3), purporting to allow KBHI to exercise authority to investigate, initiate complaints against, and discipline non-licensees are held null and void under KRS 13A.120(2)(d), (g), and (h), KRS 13A.120(4), and under the test for valid regulations from *Laurel Mountain*. To be clear, suspension of an educational provider is authorized under KRS 198B.706(2) and is distinguished from other forms of discipline, such as written reprimands or probation.

Notably, our ruling does not leave PLI, or comparable education providers, without oversight or any prospect of disciplinary action. Any similarly

-23-

situated proprietary provider who offers home inspector prelicense or continuing education courses will necessarily be regulated by KCPE. As outlined above, conducting business as a proprietary school in Kentucky requires licensure by KCPE and that commission's statutory authority for compelling upright and professional behavior by educational providers is substantial. Nothing would keep, for example, KBHI from referring the false advertising allegation against PLI to KCPE to investigate and potentially discipline pursuant to KRS 165A.370(1)(m). Furthermore, nothing in this Opinion restricts KBHI from using its power to deny, suspend, or revoke an educational provider's approval for a prelicense or continuing education course. The ability to terminate the usefulness of a product (training courses) that a proprietary education entity generates allows KBHI to accomplish its oversight and regulatory function through market forces.

Further arguments raised by PLI but not discussed herein have been determined to lack merit or relevancy to our resolution of this appeal.

## CONCLUSION

We affirmatively rule that the home inspector enabling statutes – KRS 198B.706(4) and (12), KRS 198B.728, and KRS 198B.730 – only authorize investigations, complaints, and disciplinary actions *against licensees*. Because we find that both the Jefferson Circuit Court and the Hearing Officer incorrectly extended the scope of KBHI's statutory authority to investigate and discipline

-24-

education providers, we vacate the Jefferson Circuit Court's Order of Dismissal, set aside the Hearing Officer's Final Order, and dismiss the disciplinary action taken by KBHI and KREA against PLI.


ALL CONCUR.


BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Richard L. Masters
Louisville, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES:

S. Patrick Riley
Frankfort, Kentucky